Robert B. Carey (011186)
Leonard W. Aragon (020977)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona  85003
Telephone: (602) 840-5900
rob@hbsslaw.com
leonard@hbsslaw.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Doe, a single man, | Case No.: 2:18-cv-01623-DLR |
| Plaintiff, | |
| v. | **MOTION TO PROCEED UNDER PSEUDONYM** |
| The Arizona Board of Regents, governing body of Arizona State University, an agent of the State of Arizona; James Rund; Craig Allen; Tara Davis; Kendra Hunter; Kathleen Lamp; And Andrew Waldron, | (Assigned to the Honorable Douglas L. Rayes) |
| Defendants. | |

Plaintiff John Doe respectfully moves for an order allowing him and other non-party percipient witnesses identified in the complaint to proceed under pseudonym in this matter. This case involves highly sensitive and private information about John Doe and Jane Roe. Plaintiff alleges the Arizona Board of Regents and its agents, without factual basis and contrary to the Arizona and U.S. constitutions, found that Doe sexually assaulted Roe. The public's interest in the issues at stake do not turn on Doe's or Roe's identity, and Defendants are already aware of the true identity of John Doe, Jane Roe, and the other Arizona State University students whose identities Doe seeks to protect. Defendants, moreover, do not oppose this motion.

Plaintiff therefore respectfully requests the Motion to Proceed Under Pseudonym be granted and that he be permitted to be identified as John Doe, his accuser as Jane Roe, and that other current and former University students involved in the matter be identified as Witness 1 – Witness 5.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 10(a) of the Federal Rules of Civil Procedure states, "[t]he title of [a] complaint must name all the parties[.]" *See also* Local Civil Rule 7.1(a)(3). But a plaintiff is permitted to file anonymously "in the 'unusual case' when nondisclosure of the party's identity is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)). Ultimately, "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," the party may proceed under a pseudonym. *Advanced Textile Corp.*, 214 F.3d at 1068.

Courts in this circuit have employed a five-prong test in evaluating requests to proceed pseudonymously where fear of retaliation is claimed:

(i) Severity of the threatened harm;

   (ii) Vulnerability to retaliation;

   (iii) Reasonableness of the fear;

   (iv) Prejudice to Defendants; and

   (v) The public's interest in court proceedings.

*E.E.O.C. v. ABM Industries Inc.*, 28 F.R.D. 588, 593-95. Each factor weighs in favor of granting the motion.

**A. The harm of revealing John Doe's identity is substantial.**

The Arizona Board of Regents found that John Doe committed sexual violence against a fellow student, Jane Roe. Charges of that nature are more than just "personal[ly] embarrass[ing]"—they follow the accused and their accusers for the rest of their lives. *See Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99-100 (D.D.C. 2008). This is especially true in an age where technology makes information easily accessible to friends, family, employers, and the press. Indeed, the day after this case was filed, it was already featured on the local news and front page of *The Arizona Republic*'s website.[1]

Sexual assault charges are also highly stigmatizing. *See Starishevsky v. Hofstra* Univ., 612 N.Y.S.2d 794, 801 (Sup. Ct. 1994) (acknowledging "the stigmatizing…nature of" university sexual misconduct complaints). Significant disciplinary action by a college, for any reason, is stigmatizing in itself. *See Albert v. Carovano*, 824 F.2d 1333, 1338 n. 6 (2nd Cir. 1987) (protected liberty interest at stake because of the "stigma" attached to disciplinary suspension from college). But it is difficult to imagine a more stigmatizing label than being branded a sex offender even if a court ultimately finds the charges are baseless. The irreparable harm of being erroneously labeled a sex offender and expelled from campus

---

[1] *See, e.g.*, https://www.azcentral.com/story/news/local/arizona-education/2018/05/31/lawsuit-male-students-rights-violated-sexual-misconduct-expulsion-asu/657121002/.

2

cannot be undone. *Tully v. Orr*, 608 F. Supp. 1222, 1226 (E.D.N.Y. 1985) (stigma of disenrollment is not adequately compensable at law).

Beyond the stigma, the charges against John Doe necessarily reveal details about his private sexual life and that of his accuser that should not be made public absent compelling circumstances. "There can be no doubt" that litigation involving charges of campus sexual misconduct "focuses on a matter of sensitive and highly personal nature." *Doe v. The Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) (internal quotation marks omitted). Here, there are no circumstances justifying the disclosure of such highly sensitive information. John Doe claims he is innocent and was defamed by being erroneously branded a sex offender without due process or supporting evidence. Doe, his accuser, and others would be harmed by the stigma of having their names attached to this unfortunate matter. The first factor weighs in favor of allowing Plaintiff to proceed under pseudonym.

**B.     John Doe is vulnerable to significant retaliation should his identity be revealed.**

Discussions of sexual misconduct—and, in particular, campus sexual misconduct—generate strong emotions. A casual tour of social media confirms discussions of sexual misconduct frequently include personal attacks on the parties involved in specific instances of alleged wrongdoing, and not just the accused but everyone involved.[2] If John Doe or his accuser is identified, both risk the same sort of retaliatory harm students face throughout the country. *See Doe v. The Rector and Visitors of George Mason Univ.*, at 179 F. Supp. 3d at 593 ("Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule ….[I]t is possible that plaintiff could

---

[2] *See generally* https://www.npr.org/2017/11/20/565288712/social-media-posts-may-complicate-prosecution-of-sexual-assault

3

be targeted for 'retaliatory physical or mental harm' based on the accusations alone.") (citation omitted).

In a case at Columbia University, for example, a student cleared of disciplinary charges of sexual misconduct was nonetheless "ostracized by classmates, dropped from extracurricular activities, and targeted via social-media threats."[3] When Duke lacrosse players were falsely accused of rape in 2006, "the team was subject to social ostracism on campus, including a public letter from 88 Duke faculty members thanking student protestors who had, among other suggestions, called for the team captains to be castrated."[4] And when a Stanford swimmer was alleged to have sexually assaulted a woman outside an on-campus fraternity in 2015, he became the subject of death threats, with armed protestors parading outside his home in Ohio and chalking messages like "shoot your local rapist" on the sidewalk.[5] Disclosing John Doe's identity in a case that has already garnered local media attention and may attract national media attention will almost surely make him or others involved the target of similar threats, harassment, and intimidation, especially in light of his status as a male college athlete. The second prong weighs in favor of granting the motion.

**C.   John Doe's fear of harm is objectively reasonable and well founded.**

There is a substantial likelihood that John Doe and the other current and former ASU students will suffer many of the harms outlined above should their

---

[3] Cathy Young, "Campus sexual assault stories have two sides," Newsday (April 27, 2015), https://www.newsday.com/opinion/columnists/cathy-young/campus-sexual-assault-stories-have-two-sides-1.10339045.

[4] Press Release, Columbia Law School, "Unlearning Due Process?," (April 21, 2015), http://www.law.columbia.edu/media_inquiries/news_events/2015/april2015/due-process.

[5] Sam Levin, "Armed protestors rally at Brock Turner's home: 'Try this again, and we'll shoot you'," The Guardian (Sept. 6, 2016), https://www.theguardian.com/us-news/2016/sep/06/brock-turner-stanford-sexual-assault-case-ohio-armed-protest.

4

true identities be revealed, especially in the current social and political climate. Local news agencies, including *The Arizona Republic*,[6] *The Phoenix New Times*,[7] and ASU's independent student newspapers[8] have shown significant interest in campus sexual misconduct matters in recent years, and there is little doubt that if names are revealed, these outlets and others will publish them via print and social media. *See Byron M. v. City of Whittier*, 46 F. Supp. 2d 1037, 1038 n.1 (C.D. Cal. 1998) (noting unwanted media attention because "Plaintiff's own lawsuit… was erroneously not filed under pseudonym.").

ASU students, moreover, have become increasingly involved in matters concerning campus sexual misconduct,[9] and it is likely that John Doe or Jane Roe may be subjected to harassment or further ostracized should their identities become publicly known. Doe's status as a male college athlete makes him a particularly easy target for harassment, magnifying his risk of retaliation. Likewise, not protecting the names of the other percipient witnesses (some of whom were also ASU athletes) will likely reveal John Doe's identity and perhaps Jane Roe's as well. Because the risk of harm is reasonable, the third prong clearly supports granting the motion.

---

[6] *See*, *e.g.*, Anne Ryman, "How ASU responds to allegations of sexual assault," The Arizona Republic (Nov. 22, 2014), https://www.azcentral.com/story/news/local/tempe/2014/11/19/asu-sex-assault-responds-allegations/19297777/.

[7] *See*, *e.g.*, Ray Stern, "Booze, Bruises, and Finally, After 8 Months, an Expulsion Over ASU Rape Allegation." The Phoenix New Times (Dec. 13, 2017), http://www.phoenixnewtimes.com/news/arizona-state-university-student-outraged-rape-allegation-9946166.

[8] *See*, *e.g.*, Mia Armstrong, "#MeToo, ASU: Sexual harassment on campus," ASU State Press (Feb. 6, 2018), http://www.statepress.com/article/2018/02/spcampuslife-me-too-asu-sexual-harassment; Stephanie Morse, "ASU maintains sexual assault policies after DeVos issues new guidance," Downtown Devil (Oct. 10, 2017), https://downtowndevil.com/2017/10/10/87520/tuesday-asu-maintains-sexual-assault-policies-after-devos-issues-new-guidance/.

[9] *See*, *e.g.*, "Sun Devils Against Sexual Assault," https://sundevilsagainstsexualassault.wordpress.com.

### D. There is no prejudice to Defendants in permitting John Doe's case proceed pseudonymously.

Defendants do not oppose this motion. Defendants already know the identities of John Doe and Jane Roe, as well as the identities of the students who attended the party where the alleged misconduct occurred (some of whom testified at the evidentiary hearing). That fact weighs in favor of granting the motion. *See Advanced Textile*, 214 F.3d at 1069 n. 11 ("[W]hatever knowledge defendants have of plaintiffs' identities ... lessens their claims to be prejudiced by the use of pseudonyms."); *see also John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358 (D. Oregon 2008) (denying motion to require anonymous plaintiff to comply with Rule 10(a) at the discovery phase where defendants were aware of plaintiff's true identity). Publicly identifying those individuals has no bearing on Defendants' ability to defend against Doe's claims.

### E. The public's interest in the issues at stake in this matter does not turn on John Doe's identity.

Whether or not a state university can strip its students of their constitutionally-protected property right to an education by expelling them on charges unsupported by substantial or competent evidence and for which no notice was given in a disciplinary process infected by sex-based bias—the central issues of interest to the public in this matter—are unconnected to John Doe's true identity. In fact, revealing him publicly will only serve to discourage future litigants from bringing claims of civil rights deprivations where their alleged conduct is highly embarrassing and stigmatizing, an outcome antithetical to good public policy. The public will not be prevented from observing the proceedings or rulings of this Court should John Doe remain anonymous.

Courts in this circuit and other jurisdictions have routinely allowed students found to have engaged in campus sexual misconduct to proceed under pseudonym. *See, e.g., Doe v. Regents of the University of California*, 2018 WL

6

1476666 (9th Cir. 2018) (case in which similarly situated student was permitted to proceed under pseudonym); *Doe v. George Washington Univ.*, No. 1:11-cv-00696-RLW (D.D.C. filed Apr. 8, 2011) (upholding a magistrate's order allowing college male accused of sexual misconduct by female student to proceed under pseudonym); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (same).[10] John Doe requests permission to do the same.

## CONCLUSION

For the foregoing reasons, John Doe respectfully requests that his Motion to Proceed Under Pseudonym be granted.

---

[10] *See also Doe v. Oberlin Coll.*, No. 1:17-cv-1335 (N.D. Oh. filed June 23, 2017) (allowing plaintiff to proceed under pseudonym and to shield the identities of his accuser and other students); *Doe v. College of Wooster*, No. 5:l7-cv-323-SL (N.D. Ohio filed Feb. 16, 2017) (granting plaintiff disciplined for sexual misconduct permission to proceed under pseudonym); *Doe v. Williams Coll.*, No. 1:2013-cv-11740 (D. Mass. filed July 19, 2013) (allowing the plaintiff to proceed pseudonymously and granting the motion for protective order); *Doe v. Pa. State Univ.*, 4:15-cv-02072-MWB (M.D. Pa. filed Oct. 26, 2015) (granting motion to proceed anonymously); *Doe v. Ohio State Univ.*, No. 2:15-cv-02830-GLF-TPK (S.D. Ohio filed Sept. 15, 2015) (same); *Doe v. Brown Univ.*, 1:15-cv-144-S-LDA (D.R.I. filed Apr. 13, 2015) (same); *Doe v. Brandeis Univ.*, No. 1:15-cv-11557-FDS (D. Mass filed Apr. 9, 2015) (same); *Doe v. Columbia Univ.*, No. 14-cv-3573 (S.D.N.Y. filed May 19, 2014) (same); *Doe v. Washington & Lee Univ.*, No. 6:14-cv-00052-NKM-RSB (W.D. Va. filed Dec. 12, 2014) (same); *Doe v. Reed Inst.*, No. 3:15-cv-617-MO (D. Or. filed Apr. 14, 2015) (granting unopposed motion to proceed pseudonymously); *Doe v. Trs. of Boston Coll.*, 1:15-cv-10790-DJC (D. Mass. filed Mar. 11, 2015) (same); *Doe v. Amherst Coll.*, No. 3:15-cv-30097-MGM (D. Mass. filed May 29, 2015) (same); *Doe v. Univ. of Colo., Boulder*, No. 14-3027 (D. Colo. filed Nov. 7, 2014) (proceeding pseudonymously throughout the case); *Doe v. Swarthmore Coll.*, No. 2:14-cv-00532-SD (E.D. Pa. filed Jan. 23, 2014) (same); *Doe v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-682-JSM-EAJ (M.D. Fla. filed Mar. 25, 2015) (same); *Doe v. Univ. of Cincinnati*, No. 1:15-cv-600-TSB (S.D. Ohio filed Sept. 16, 2015) (same); *Doe v. Marietta Coll.*, 2:15-cv-02816-EAS-TPK (S.D. Ohio filed Sept. 10, 2015) (same); *Doe v. Alger*, 5:15-cv-35-EKD-JCH (W.D. Va. filed May 5, 2015) (currently proceeding pseudonymously); *Doe v. Middlebury Coll.*, 1:15-cv-192-JGM (D. Vt. filed Aug. 28, 2015) (same); *Doe v. Miami Univ.*, 1:15-cv-605-MRB (S.D. Ohio filed Sept. 17, 2015) (same); *Doe v. Clark Univ.*, No. 4:15-cv-40113-TSH (D. Mass. filed Aug. 4, 2015) (same); *Doe v. The Rector & Visitors of George Mason Univ.*, 1:15-cv-209-TSE/MSN (E.D. Va. filed Feb. 18, 2015) (same).

RESPECTFULLY SUBMITTED this 14th day of August, 2018.

          **HAGENS BERMAN SOBOL SHAPIRO LLP**

          By  s/ Leonard W. Aragon
              Robert B. Carey (011186)
              Leonard W. Aragon (020977)
              11 West Jefferson Street, Suite 1000
              Phoenix, Arizona 85003
              Telephone: (602) 840-5900
              rob@hbsslaw.com
              leonard@hbsslaw.com

          Attorneys for Plaintiff John Doe

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Daniel G. Dowd
ddowd@cdqlaw.com

Lisa O'Connor
loconnor@cdqlaw.com

Rebecca van Doren
rvandoren@cdqlaw.com

s/ Amy Nolan

1