COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona  85016
Telephone 602•252•8400

Daniel G. Dowd (012115)
Email: ddowd@CDQLaw.com
Rebecca van Doren (019379)
Email:  rvandoren@CDQLaw.com
Lisa O'Connor (029111)
Email:  loconnor@CDQLaw.com
   Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| John Doe, | Case No: 2:18-cv-01623-DLR |
| Plaintiff, | **JOINT MOTION TO STAY PENDING RESOLUTION OF JUDICIAL REVIEW ACTION** |
| vs. | |
| The Arizona Board of Regents; James Rund; Craig Allen; Tara Davis; Kendra Hunter; Kathleen Lamp; and Andrew Waldron, | (Assigned to the Honorable Douglas L. Rayes) |
| Defendants. | |

Effective August 30, 2017, Plaintiff John Doe was expelled from Arizona State University ("ASU" or "University") after the University found that he had violated the Student Code of Conduct by engaging in sexual misconduct.  On October 2, 2017, Plaintiff timely filed an administrative review action in Maricopa County Superior Court pursuant to A.R.S. § 12-901 *et seq.*  That action, *Doe v. Arizona Board of Regents*, LC2017-000365, raises multiple issues that overlap with the claims Plaintiff asserts in this action, including due process challenges to the administrative investigation and hearing process.  However, the administrative review action is not yet complete.  Oral argument on the administrative review action will be held in the Superior Court on September 12, 2018.

Both parties believe that a brief stay of this action until the Superior Court decides the administrative review action is appropriate. Plaintiff intends to assert additional claims that he believes will not become ripe for consideration by this Court until the Superior Court issues its decision. Defendants believe that the outcome of the administration review action could have a *res judicata*/collateral estoppel impact on many, if not most, of Plaintiff's claims in this action. Given the material impact the Superior Court decision may have on this action, the parties submit that a brief stay of this action until the Superior Court rules is appropriate. *See, e.g.*, *Ctr. for Biological Diversity v. U.S. Dep't of Interior*, 255 F. Supp. 2d 1030, 1036 (D. Ariz. 2003) ("A trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.") (*quoting Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).

The stay will also serve another important purpose. As required by Local Rule 12.1(c), Defendants have informed Plaintiff that they intend to seek dismissal of the pending Complaint. The parties have scheduled a telephonic conference to discuss the anticipated grounds for dismissal, so that Plaintiff can consider whether to amend the Complaint to address any of the deficiencies that Defendants contend exist. As Plaintiff already intends to amend his Complaint once the Superior Court rules, that amendment can encompass any additional changes that Plaintiff deems appropriate following the meet and confer, and avoid the delay and inefficiency that would result from multiple amendments to the Complaint.

The stay will not be lengthy. Briefing on the administrative appeal is complete, and oral argument is scheduled for September 12, 2018. Assuming the Superior Court issues its ruling within 60 days, the stay should be lifted by no later than mid-November, 2018, and potentially sooner. The parties will inform the Court as soon as the Superior Court rules so the stay can be lifted. Plaintiff will file his Amended Complaint within 14 days after the stay

is lifted, and Defendants will then respond within the 14 days set forth in Fed. R. Civ. P. 15(a)(3).

No party will be prejudiced by the requested stay and the interests of justice, efficiency and judicial economy will be served. Accordingly, the parties jointly request that the Court stay this action pending the outcome of the Superior Court action. A proposed Order is attached.

RESPECTFULLY SUBMITTED this 5th day of September, 2018.

COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona  85016
   Attorneys for Defendants

By:    */s/ Rebecca van Doren*
     Daniel G. Dowd
     Rebecca van Doren
     Lisa O'Connor

**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona  85003
   Attorneys for Plaintiff

By:    */s/ Leonard W. Aragon (with permission)*
     Robert B. Carey
     Leonard W. Aragon

**CERTIFICATE OF SERVICE**

I certify that on September 5, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Robert B. Carey
> Leonard W. Aragon
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 11 West Jefferson Street, Suite 1000
> Phoenix, Arizona  85003

/s/  *Marci Kramer*