Robert B. Carey (011186)
Leonard W. Aragon (020977)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
rob@hbsslaw.com
leonard@hbsslaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| John Doe, a single man, | Case No.: 2:18-cv-01623-DWL |
|---|---|
| Plaintiff, | |
| v. | **NOTICE OF SUPERIOR COURT DECISION AND PLAINTIFF'S REQUEST TO CONTINUE STAY PENDING APPEAL** |
| The Arizona Board of Regents, et al., | |
| Defendants. | |
| | (Assigned to the Honorable Dominic W. Lanza) |

Plaintiff John Doe gives notice that the Maricopa County Superior Court issued its decision in Plaintiff's administrative review action, *John Doe v. Arizona Board of Regents* (LC2017-000365). The Court affirmed the decision.

Plaintiff filed a notice of appeal on December 3, 2018, under Rule 8 of the Arizona Rules of Civil Appellate Procedure and A.R.S. § 12-913. The Court of Appeals reviews the administrative decision de novo. *See, e.g., Siler v. Arizona Dept. of Real Estate*, 193 Ariz. 374, 972 P.2d 1010 (App. 1998). Plaintiff respectfully requests the Court continue the stay until the Court of Appeals has issued its decision for the same reasons the Court entered the stay while the appeal was pending in the Superior Court—the stay will be relatively brief and may help resolve or clarify issues raised in the federal case. Plaintiff anticipates briefing can be expedited given the similarities in argument and legal standard between the Court of Appeals and the Superior Court. Once the Court of Appeals issues its decision and the stay is lifted, Plaintiff will file an amended complaint within 14 days.

**Memorandum of Points and Authorities**

Effective August 30, 2017, Plaintiff John Doe was expelled from Arizona State University ("ASU" or "University") after the University found that he had violated the Student Code of Conduct by engaging in sexual misconduct. On October 2, 2017, Plaintiff timely filed an administrative review action in Maricopa County Superior Court under A.R.S. § 12-901 *et seq.* On October 29, 2018, the Superior Court affirmed the decision and entered final judgment under Rule 54(c) of the Arizona Rules of Civil Procedure.[1] Doe timely appealed the Superior Court's judgment to the Court of Appeals on December 3, 2018, under A.R.S. § 12-913 and Rule 8 of the Arizona Rules of Civil Procedure.

---

[1] Plaintiff received the order by mail on or about November 26, 2018.

1

That underlying action, *Doe v. Arizona Board of Regents*, raises multiple issues that overlap with the claims Plaintiff asserts here, including due process challenges to the administrative investigation and hearing process. Notably, the present case was filed to preserve the statute of limitations for certain claims while the administrative process was proceeding. The administrative process is still pending, as Plaintiff has the right to appeal the Superior Court's decision to the Court of Appeals. *See* A.R.S. 12-913. The Court of Appeals applies the same standard as the Superior Court, and will address the same issues. *Id*. Plaintiff anticipates that the briefing in the Court of Appeals will be substantively similar to the briefing submitted in the Superior Court because the issues and standard of review are analogous. For these reasons, continuing the stay while the Court of Appeals reviews the administrative action is appropriate. *See, e.g.*, *Ctr. for Biological Diversity v. U.S. Dep't of Interior*, 255 F. Supp. 2d 1030, 1036 (D. Ariz. 2003) ("A trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.") (*quoting Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).

Further, Plaintiff's claims are almost certainly going to be impacted by the Court of Appeals' decision, and will likely require Plaintiff to amend his complaint. Once again, this case was filed to preserve claims under the applicable statute of limitations, and both parties have acknowledged that the final resolution of the administrative action could impact this case. *See* Joint Mot. to Stay Pending Resolution of Judicial Review Action (Dkt. 28). Defendants, for example, argued in the initial stay request that the resolution of the administrative process may support certain defenses, and Plaintiff argued that

the resolution may impact issues such as damages and due process considerations. *Id*. Given the material impact the Court of Appeals' decision may have on this action and the operative complaint, a brief stay of this matter while the Court of Appeals is considering the underlying case is appropriate.

The stay will also serve another important purpose. As required by Local Rule 12.1(c), Defendants informed Plaintiff that they intend to seek dismissal of the pending Complaint. The parties have met and conferred and Plaintiff has agreed to amend his complaint. As Plaintiff already intends to amend his complaint, a brief stay will allow Plaintiff to include amendments necessitated by the Court of Appeals' decision in his amended complaint, thereby avoiding the delay and inefficiency that would result from multiple amendments to the Complaint.

The stay will not be lengthy. Briefing in the Court of Appeals will be substantively analogous to the Superior Court briefing. Plaintiff anticipates following the standard briefing schedule set forth in the Arizona Rules of Civil Appellate Procedure. And according to the Court of Appeals website, "most decisions are issued within 90 days of the date of the conference calendar." *See* https://www.azcourts.gov/coa1/FAQs#a, last visited, Dec. 3, 2018.  As such, the stay will be relatively short. Plaintiff will inform the Court of the Court of Appeals' decision, and will file his Amended Complaint within 14 days after the stay is lifted.

## **CONCLUSION**

Plaintiff respectfully requests the Court continue the stay until the Court of Appeals has issued its decision for the same reasons the Court entered the stay while the appeal was pending in the Superior Court. The parties anticipate briefing can be expedited given the similarities in argument and legal standard between the Court of Appeals and the Superior Court. No party will be unduly

prejudiced by the requested stay and the interests of justice, efficiency and judicial economy will be served. A proposed order is attached.

RESPECTFULLY SUBMITTED this 3rd day of December, 2018.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By  s/ Leonard W. Aragon
Robert B. Carey (011186)
Leonard W. Aragon (020977)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
rob@hbsslaw.com
leonard@hbsslaw.com

Attorneys for Plaintiff John Doe

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Daniel G. Dowd
ddowd@cdqlaw.com

Lisa O'Connor
loconnor@cdqlaw.com

Rebecca van Doren
rvandoren@cdqlaw.com

                                              s/ Amy Nolan