**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Unknown Party, | No. CV-18-01623-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Pending before the Court is the parties' joint motion for entry of protective order. (Doc. 55.) The parties contend their proposed order is necessary (1) to "protect[] the identities of the parties and witnesses due to the sensitive, personal nature of the sexual misconduct allegations raised in the First Amended Complaint" and (2) "to allow for the disclosure of confidential records otherwise protected by federal or state laws, such as the [FERPA], 20 U.S.C. § 1232g." (*Id.* at 2.)

Although the parties' proposed order is generally acceptable, the Court has some concerns about the second sentence of the first paragraph, which provides: "Moreover, due to the sensitive nature of the allegations in this matter, the Court agrees that the names of the plaintiff and certain witnesses to the administrative hearing (collectively, the 'Protected Persons') along with their personally identifiable education records should be kept confidential." (Doc. 55-1 at 2.) Specifically, it is unclear to the Court whether the plaintiff in this case should be allowed to litigate under a pseudonym.

The amended complaint identifies the plaintiff as "John Doe." (Doc. 37 ¶ 27.) In a

nutshell, it alleges that Doe, a former student at Arizona State University, was expelled from school after being found guilty of sexual misconduct. (*See generally* Doc. 55 at 3-7.) It contends there were various flaws in the administrative proceedings that resulted in Doe's expulsion and seeks monetary damages and injunctive and declaratory relief. (*Id.*)

Although the Court does not quarrel with the parties' assertion that this case involves issues of a "sensitive, personal nature," the general rule in federal court is that the parties in all cases—even sensitive cases—must identify themselves by their true names, not pseudonyms. *See* Fed. R. Civ. P. 10(a). "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public. Identifying the parties to the proceeding is an important dimension of publicness." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations and internal quotation marks omitted). Put simply, a plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).[1]

Given this backdrop, the rule in the Ninth Circuit is that a party may "proceed anonymously" only in an "unusual case" in which "special circumstances justify secrecy." *Id.* at 1067-68 (citation omitted). The Ninth Circuit has further clarified when a party wishes to proceed under a pseudonym in an effort to avoid "retaliation," which the Court presumes is Doe's rationale here, "the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. Finally, the court must decide whether the

---

[1] *See generally* Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 10, at 2011 (2018) ("The Federal Rules of Civil Procedure do not explicitly provide for using pseudonyms in the caption of the complaint. Strictly applied, the text of Rule 10(a) requires that the title and caption include 'the names' of all the parties. This is generally interpreted to mean that parties must use their real names. . . . [However], the lower courts will allow parties to use pseudonyms . . . in limited circumstances.").

public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068.

It is well settled in the Ninth Circuit that a party who was the *victim* of sexual assault should be allowed to litigate under a pseudonym. *See, e.g.*, *Doe v. United Airlines, Inc.*, 2018 WL 3997258, *2 (D. Nev. 2018) ("District Courts within the Ninth Circuit uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms.") (quotation omitted); *Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy of the inmates."). However, it is less clear that a party in Doe's situation—a person who's been found liable in an administrative proceeding of *committing* sexual assault but contends the administrative process was flawed and the finding should be overturned—should be allowed to proceed in the same fashion.

Indeed, there has been a profusion of lawsuits in recent years by college students seeking to challenge the administrative processes by which they were found to have engaged in sexual misconduct, and the Court's review of those decisions shows that many of the plaintiffs have litigated under their real names,[2] while others have been allowed to proceed as John Does,[3] with no seeming rhyme or reason to these varying approaches. The

---

[2] *See, e.g., Haidak v. Univ. of Mass.-Amherst*, __ F.3d __, 2019 WL 3561802, *1 (1st Cir. 2019) ("In the wake of allegations that student James Haidak assaulted a fellow student, the University of Massachusetts at Amherst . . . suspended and then expelled Haidak. Seeking compensatory damages, declaratory relief, and an injunction preventing the university from enforcing the expulsion, Haidak filed this suit against the university and several of its officials."); *Rolph v. Hobart & William Smith Colleges*, 271 F. Supp. 3d 386, 389 (W.D.N.Y. 2017) ("Plaintiff Matthew Rolph . . . was expelled . . . after having been found to have violated the school's Sexual Misconduct Policy by having non-consensual sex with a female classmate. Plaintiff brings suit against HWS, alleging that HWS's disciplinary process and expulsion of him violated federal and state law."); *Ruff v. Bd. of Regents of the Univ. of N.M.*, 272 F. Supp. 3d 1289, 1291 (D.N.M. 2017) (same); *Johnson v. Western State Colorado Univ.*, 71 F. Supp. 3d 1217, 1220 (D. Colo. 2014) ("Plaintiff Keifer Johnson . . . brings this action against Western State University and some of its employees . . . under 42 U.S.C. § 1983 and Title IX of the Civil Rights Act of 1964 arising out of disciplinary action taken against him for a sexual relationship he engaged in with another student.").

[3] *See, e.g., Doe v. Baum*, 903 F.3d 575, 578-79 (6th Cir. 2018) (lawsuit by "John Doe," a student at the University of Michigan, alleging that the university violated Doe's due process rights during an administrative proceeding concerning whether Doe committed "sexual misconduct" by "having sex with an incapacitated person"); *Doe v. Cummins*, 662 Fed. App'x 437, 438 (6th Cir. 2016) ("John Doe I and John Doe II were both students at

Court further notes that, in *Coe v. United States District Court for the District of Colorado*, 676 F.2d 411 (10th Cir. 1982), the Tenth Circuit upheld the district court's conclusion that the plaintiff—a doctor facing disciplinary proceedings by a state medical board related to allegations of sexual misconduct—shouldn't be allowed to proceed anonymously in a federal lawsuit challenging those proceedings, even though the doctor argued that the "disclosure of his true identity would cause irreparable and immediate destruction of his property and liberty interests which he seeks to protect." *Id.* at 413.

The Court will thus order the parties to submit briefing on whether Doe should be allowed to litigate under a pseudonym (and whether the protective order should be structured accordingly). *Cf. E.E.O.C. v. ABM Indus., Inc.*, 249 F.R.D. 588, 592-93 (E.D. Cal. 2008) (noting that, although some courts require a party wishing to litigate anonymously to file a motion at the outset of the case, other courts "will grant plaintiffs limited permission to commence an action under a pseudonym, but then request further memoranda demonstrating the need for anonymity before issuing a more permanent protective order"). Doe must file his brief by **September 13, 2019**, Defendants must file any response by **September 27, 2019**, and Doe must file any reply by **October 4, 2019**.

Dated this 27th day of August, 2019.

Dominic W. Lanza
United States District Judge

---

the University of Cincinnati . . . . [who were] charged with violating UC's Code of Conduct for allegedly sexually assaulting female students. . . . Doe I and Doe II [later] filed suit against UC and various school administrators . . . alleging that UC's disciplinary process did not afford them due process as required by the Fourteenth Amendment."); *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) ("Plaintiff, a Columbia University student who is identified by the pseudonym John Doe, . . . alleges that Defendant Columbia University violated Title IX of the Education Amendments of 1972 and state law, by acting with sex bias in investigating him and suspending him for an alleged sexual assault.").