**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Unknown Party, | No. CV-18-01623-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

The Court has reviewed Plaintiff's motion to proceed under pseudonym. (Doc. 57.) As an initial matter, the Court wishes to apologize to the parties for overlooking, in its order requiring supplemental briefing, that this topic had already been briefed when the case was assigned to a different judge. This was an unfortunate oversight.

In any event, although the previous judge issued a short order granting Plaintiff's motion to proceed (Doc. 30), it is the Court's view that a more detailed order is warranted in light of the public's presumptive right to know the identities of parties litigating in federal court. The Court will not require the parties to submit further briefing, however, because they have already made their positions clear. And as discussed below, the Court will reaffirm through this order that Plaintiff may litigate under a pseudonym (and that the parties' proposed protective order (Doc. 55-1) may therefore be granted).

As noted in the order requiring supplemental briefing (Doc. 56), the rule in the Ninth Circuit is that a party may "proceed anonymously" only in an "unusual case" in which "special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214

F.3d 1058, 1067-68 (9th Cir. 2000) (citation omitted). The Ninth Circuit has further clarified when a party wishes to proceed under a pseudonym in an effort to avoid "retaliation," which is Doe's rationale here, "the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068 (citations omitted).

Here, the first factor—the severity of the threatened harm—supports Doe's request. As Doe persuasively argues in his brief, "it is difficult to imagine a more stigmatizing label than being branded as engaging in sexual violence, a stigma that is shown to remain even if a court ultimately finds the charges are baseless." (Doc. 57 at 2-3.)

The second and third factors—the reasonableness of the anonymous party's fears and the anonymous party's vulnerability to retaliation—also support Doe's request. Doe has identified several other recent cases in which students seeking to challenge the processes by which they were found to have engaged in sexual misconduct were subjected to significant ostracization and threats. (Doc. 57 at 3-5.) These other incidents show that Doe's fears here are reasonable and not hypothetical.

The Court also agrees with Doe that allowing him to proceed anonymously will not result in any prejudice to Defendants, who are aware of his identity and don't oppose his request to proceed as a John Doe. (Doc. 57 at 5.)

The final factor to consider is whether the public has a countervailing interest in knowing Doe's true identity. On this issue, the Court disagrees with Doe's assertion that the public has no interest in knowing his name. (Doc. 57 at 6.) It has long been the rule "that judicial proceedings, civil as well as criminal, are to be conducted in public" and that "[i]dentifying the parties to the proceeding is an important dimension of publicness. The

people have a right to know who is using their courts." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations and internal quotation marks omitted). Thus, the Ninth Circuit has recognized that the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Advanced Textile Corp.*, 214 F.3d at 1067. The Court also notes that Doe has not attempted to reconcile his request with some of the arguably contradictory cases identified in the order requiring supplemental briefing—specifically, (1) the handful of recent cases in which similarly-situated plaintiffs were apparently not allowed to proceed under pseudonyms[1] and (2) the Tenth Circuit's decision in *Coe v. United States District Court for the District of Colorado*, 676 F.2d 411 (10th Cir. 1982), which can be interpreted as holding that anonymity isn't appropriate in this circumstance.

Nevertheless, even though the public has a legitimate interest in knowing Doe's identity, that interest has been overcome in this case by the fact that Doe is vulnerable to, and reasonably fears, severe harm if his identity is disclosed and in light of the fact that Defendants won't suffer any prejudice from Doe proceeding anonymously.

…

…

…

…

…

---

[1] *See, e.g., Haidak v. Univ. of Mass.-Amherst*, 933 F.3d 56 (1st Cir. 2019) ("In the wake of allegations that student James Haidak assaulted a fellow student, the University of Massachusetts at Amherst . . . suspended and then expelled Haidak. Seeking compensatory damages, declaratory relief, and an injunction preventing the university from enforcing the expulsion, Haidak filed this suit against the university and several of its officials."); *Rolph v. Hobart & William Smith Colleges*, 271 F. Supp. 3d 386, 389 (W.D.N.Y. 2017) ("Plaintiff Matthew Rolph . . . was expelled . . . after having been found to have violated the school's Sexual Misconduct Policy by having non-consensual sex with a female classmate. Plaintiff brings suit against HWS, alleging that HWS's disciplinary process and expulsion of him violated federal and state law."); *Ruff v. Bd. of Regents of the Univ. of N.M.*, 272 F. Supp. 3d 1289, 1291 (D.N.M. 2017) (same); *Johnson v. Western State Colorado Univ.*, 71 F. Supp. 3d 1217, 1220 (D. Colo. 2014) ("Plaintiff Keifer Johnson . . . brings this action against Western State University and some of its employees . . . under 42 U.S.C. § 1983 and Title IX of the Civil Rights Act of 1964 arising out of disciplinary action taken against him for a sexual relationship he engaged in with another student.").

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's motion to proceed under pseudonym (Doc. 57) is **granted**;

(2) The parties' request for a protective order (Doc. 55) is **granted**; and

(3) The actual protective order will be issued in a separate order.

Dated this 13th day of September, 2019.

Dominic W. Lanza
United States District Judge