COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona  85016
Telephone 602•252•8400

Daniel G. Dowd (012115)
Email:  ddowd@CDQLaw.com
Betsy J. Lamm (025587)
Email:  blamm@CDQLaw.com
Rebecca van Doren (019379)
Email:  rvandoren@CDQLaw.com
   Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, | Case No:  2:18-cv-01623-DWL |
| Plaintiff, | |
| vs. | **JOINT SUMMARY OF DISCOVERY DISPUTE** |
| The Arizona Board of Regents; James Rund; Craig Allen; Tara Davis; Kendra Hunter; Kathleen Lamp; and Andrew Waldron, | (Assigned to the Honorable Dominic W. Lanza) |
| Defendants. | |

Pursuant to the Case Management Order entered on December 27, 2019 (Doc. 67), the parties hereby submit to the Court their respective positions regarding a discovery dispute that has arisen regarding the Topics identified in Plaintiff's Notice of 30(b)(6) Video Deposition of Arizona Board of Regents ("ABOR") (the "Notice"), served on ABOR on February 12, 2021 and again on April 28, 2021.[1]  While the parties have complied with Court's Order, they believe additional briefing is necessary to fairly address the many issues in dispute.

---

[1] To honor the Court's two-page limitation, the parties have not attached the Notice or relevant communications.  The parties will submit this information at the Court's request.

1. **ABOR's Position.** In May 2019, Plaintiff stated his intent to serve a Rule 30(b)(6) deposition notice on ABOR. He then failed to do so until February 12, 2021, less than one month before the deposition deadline.[2] The Notice contains 19 Topics, listing broad subject areas lacking reasonable particularity as to the information sought. As Plaintiff did not confer with ABOR before serving the Notice, ABOR initiated the required meet-and-confer process. Despite two lengthy calls and multiple written communications, by March 13, 2021, the parties had agreed on only 3 of the 19 Topics.[3] On March 16, 2021, at Plaintiff's request, the Court extended the deadline to take the deposition by 60 days, to May 7, 2021. Plaintiff thereafter waited 41 days, until April 26, 2021, to even state his position on many of the Topics, and did so only at ABOR's prompting. Plaintiff confirmed the existence of disputes on multiple Topics and reneged on what ABOR understood to be prior promises to narrow the scope of the Topics. On April 28, Plaintiff served an amended Notice unilaterally selecting May 6–7, 2021 for the deposition and listing the original 19 Topics without revision or narrowing, including a Topic he previously agreed to withdraw.

Plaintiff's overbroad and unduly burdensome Topics prejudice ABOR and render it impossible to reasonably prepare witnesses as is ABOR's right under Rule 30(b)(6). *See, e.g., Lind v. U.S.*, 2015 WL 13845144, *2 (D. Ariz. Nov. 3, 2015); *U.S. v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, *8, 10 (C.D. Cal. Oct. 26, 2016). Plaintiff's delay has further prevented ABOR from fairly preparing its witnesses by May 7, and ABOR does not agree to another extension of the deadline. Accordingly, pursuant to Rule 26(c)(1), ABOR respectfully requests an Order prohibiting the Rule 30(b)(6) deposition. If the Court is inclined to permit the deposition, ABOR respectfully requests permission to brief the proper scope of the Topics at issue, as well as the appropriate deposition length. Plaintiff has not shown a basis to exceed the presumptive 7-hour limit for the deposition.[4]

---

[2] Plaintiff's assertion that the employee witnesses were "obstructive" is false and was never cited as a basis for the Rule 30(b)(6) deposition.

[3] For example, Topic 8 as written seeks fact-specific testimony regarding 543 sexual misconduct and 8,337 alcohol disciplinary matters involving ASU students over a five-year period. After multiple meet-and-confer sessions, Plaintiff continues to be unclear as to the scope of Topic 8, stating his intent to "depose the witness on all the matters produced."

[4] Space constraints prevent ABOR from citing multiple authorities supporting its position.

COHEN DOWD QUIGLEY

2.     **Plaintiff's Position.** Defendants have manufactured this dispute by creating a need for an extension and refusing to stipulate to it. Plaintiff was prepared to go forward with the deposition on May 6 and 7 and did not seek an extension. This dispute is a thinly veiled attempt to avoid a 30(b)(6) deposition. Plaintiff served a timely notice after Defendants produced documents and it became clear the employee witnesses were obstructive. Plaintiff tailored the topics to the evidence, conferred, and edited topics to address concerns and meet obligations under the Rule. The parties are still conferring on several topics. Defendants, however, refuse to stipulate to extend the deposition deadline until negotiations are complete.

Plaintiff was nonetheless prepared to move forward with the deposition on undisputed topics and topics at impasse, but Defendants refused. Plaintiff, moreover, amended the notice to set a date and confirmed by email that the deposition was subject to the parties' ongoing discussions regarding the topics. Defendants claim they are unable to prepare a witness regarding the topics, but some are undisputed and parties are not *required* to agree before a deposition takes place. Fed. R. Civ. P. 30 advisory committee notes ("Consistent with Rule 1, the obligation is to confer in good faith about the matters for examination, but the amendment does not require the parties to reach agreement.").

Defendants' claim that topics are unduly burdensome is baseless. Defendants ignore Plaintiffs clarification efforts; instead demanding Plaintiff unreasonably limit topics rather than engage in good faith efforts to understand the information sought.[5] Defendants also take baseless positions, as evidenced by their claim that a 30(b)(6) deposition, regardless of the number of deponents, must be limited to seven hours. Fed. R. Civ. P. 30 advisory committee notes ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."). The parties should be permitted to continue their conferral, present narrow and defined issues to the

---

[5] The claim that Plaintiff wants testimony on 80 cases (narrowed from almost 9000 relevant cases) ignores Plaintiff's agreement to review case documents and identify which, if any, cases necessitate discussion. Plaintiff agreed it would be substantially fewer than 80, but it is impossible to give an exact number until the documents are produced and reviewed.

3

1 Court if there is a true impasse, and proceed with a deposition.

2     RESPECTFULLY SUBMITTED this 5th day of May, 2021.

COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
  Attorneys for Defendants

By:   */s/ Betsy J. Lamm*
     Daniel G. Dowd
     Betsy J. Lamm
     Rebecca van Doren

HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
  Attorneys for Plaintiff

By:   */s/ Leonard W. Aragon (with permission)*
     Robert B. Carey
     Leonard W. Aragon

4