WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Unknown Party, | No. CV-18-01623-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Pending before the Court are three motions to seal certain materials—Defendant's[1] motion "to seal certain exhibits" to its motion for summary judgment (Doc. 156), the parties' stipulation "to seal certain exhibits" to Defendant's motions to exclude testimony (Doc. 160), and the parties' stipulation "to seal certain exhibits" to Plaintiff's motions to exclude testimony (Doc. 166). Because there is a lack of clarity as to the relief sought in these motions, the Court will explain what the parties appear to wish to seal and what relief can be granted at this time. The Court will also order Plaintiff to file in the public record redacted versions of documents that should have been publicly filed long ago.

**BACKGROUND**

In August 2017, Plaintiff was expelled from Arizona State University ("ASU") following disciplinary proceedings in which he was found to have committed sexual misconduct toward another student. Afterward, Plaintiff both (1) sought review of the

---

[1] The sole remaining Defendant in this action is the Arizona Board of Regents ("ABOR" or "Defendant"). On May 14, 2021, James Rund, Craig Allen, Tara Davis, Kendra Hunter, Kathleen Lamp, and Andrew Waldron ("the Individual Defendants") were granted summary judgment in their favor. (Doc. 139.)

expulsion decision in the Maricopa County Superior Court under A.R.S. § 12-904, a statute that authorizes judicial review of final administrative decisions rendered by state agencies, and (2) filed this lawsuit in federal court, which asserts claims for damages and also seeks the expungement of his disciplinary record and reinstatement.

In August 2018, Plaintiff filed a motion to proceed under a pseudonym (Doc. 25), which Defendant did not oppose (Doc. 26). Initially, the motion was granted summarily as unopposed (Doc. 30), and then in September 2019, the Court reconsidered the issue under the Ninth Circuit's standard for allowing a party to proceed under a pseudonym and concluded that Plaintiff met this standard, holding that "even though the public has a legitimate interest in knowing Doe's identity, that interest has been overcome in this case by the fact that Doe is vulnerable to, and reasonably fears, severe harm if his identity is disclosed and in light of the fact that Defendants won't suffer any prejudice from Doe proceeding anonymously." (Doc. 58 at 3.)

The Court also issued a protective order, which specified that "due to the sensitive nature of the allegations in this matter, the Court agrees that the names of the plaintiff and certain witnesses to the administrative hearing (collectively, the 'Protected Persons') along with their personally identifiable education records should be kept confidential." (Doc. 59 at 1.) The protective order allowed a party to designate information as "Confidential" only if "the unrestricted disclosure of such information could be harmful to the business or operations of such party, would disclose the identity of a Protected Person, or would violate FERPA." (*Id.* at 3 ¶ 1(a).)

The protective order further ordered as follows:

> Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. The parties must follow the procedural requirements of LRCiv 5.6. Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of

        any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.

(*Id.* at 6 ¶ 8).

        On December 11, 2020, the Individual Defendants filed a motion for summary judgment (Doc. 94), which was supported by various redacted exhibits (Docs. 94-1, 94-2). Several months later, the Individual Defendants filed an unopposed motion to strike and seal these redacted exhibits and replace them with versions containing additional redactions (Doc. 127), which the Court granted (Doc. 128). The Individual Defendants filed the replacement versions, with the proper redactions, in the public record. (Docs. 126-1, 126-2.) Both the original redactions and the additional redactions were fully redacted from the Court's view as well as the public's view, such that a motion to seal was not necessary. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) (presumption of public access arises only when material is presented to the court).

        On March 15, 2021, after an extension of time was granted (Doc. 99), Plaintiff filed his response to the Individual Defendants' motion for summary judgment (Doc. 112) and lodged under seal 140 pages of material with certain confidential information redacted (Doc. 114). The following day, Plaintiff filed a motion to seal "certain exhibits" to the response. (Doc. 113.) The motion to seal was less than a page long and asserted only that "the name of plaintiff and certain witnesses throughout the investigatory and hearing processes and their educational records and personally identifiable information should be kept private" and that Plaintiff, therefore, requested "leave to file under seal ***unredacted*** copies of exhibits A, B, C, D, I, J, K, M, N, O, and P to Plaintiff's Opposition." (*Id.* [emphasis added].) Plaintiff did not, however, file in the public record redacted versions of these materials—the exhibits filed in the public record omit these exhibits entirely and state that they are "filed under seal," such that only 48 of the 188 pages of exhibits Plaintiff attached to his response were made available for public viewing. (Doc. 112-1.)

        On March 16, 2021, Plaintiff filed a motion for additional discovery. (Doc. 115.) On March 30, 2021, the Individual Defendants filed a response (Doc. 118), supported by

278 pages of exhibits (Doc. 118-1), and a stipulation to "seal certain exhibits" to the response, which requested that the "unredacted" versions of Exhibit 8, 15, and 36 be placed under seal (Doc. 119). The Individual Defendants filed redacted versions of these exhibits in the public record. (Doc. 118-1 at 69-87, 112-133, 256-278.) The Court granted the stipulation, noting that the redactions were "limited" and "satisfy the sealing standard," and that an unredacted version of these exhibits were filed in the public record. (Doc. 131.)

On May 17, 2021, the Court issued a 24-page order granting the Individual Defendants' motion for summary judgment, denying Plaintiff's motion for additional discovery, and granting Plaintiff's motion to seal "certain exhibits" to the response. (Doc. 139.) The short section of this order devoted to the motion to seal made it clear that the Court was approving redactions only—not the sealing, in their entirety, of a huge swath of exhibits:

> Doe has moved to seal *the unredacted versions* of some of the exhibits he filed in support of his response to the Individual Defendants' summary judgment motion. (Doc. 113.) . . . The Court previously granted Doe's motion to proceed pseudonymously (Doc. 58) and the rationale underlying that order remains equally valid today.

(Doc. 139 at 4-5 [emphasis added].) Plaintiff did not, however, file redacted versions of these exhibits in the public record, before or after issuance of this order.

On October 12, 2021, Defendant filed a motion for summary judgment (Doc. 155), supported by 963 pages of exhibits (Docs. 155-1 through 155-10) and a motion to seal "certain exhibits" to the motion (Doc. 156) and a proposed order "ordering that Exhibits 1, 2, 3, 4, 6, 7, 9, 11, 12, 13, 14, 15, 16-A, 16-D, 16-J, 19, 20, 22, 23-A, 23-C, 23-E, 24, 25, 26 and 27 to ABOR's Motion for Summary Judgment, may be filed under seal" (Doc. 156-1.) Defendant also lodged under seal 670 pages of redacted exhibits. (Doc. 157.) Although, from the title of the motion and the relief granted by the proposed order, it might appear that Defendant wanted to seal the entirety of these exhibits, the motion stated that "[p]ursuant to Paragraph 8 of the Protective Order (Doc. 59), ABOR is contemporaneously filing redacted, unsealed versions of these Exhibits with its Motion." (Doc. 156 at 4.) And indeed, the 963 pages of exhibits attached to the motion contain redacted versions of the

exhibits at issue. Although both the publicly filed and the lodged-under-seal versions of these exhibits contain redactions, a side-by-side comparison reveals that the publicly filed versions contain more redactions than the lodged-under-seal versions.

The Court has a standard procedure for motions in which parties seek to seal only portions of documents by means of redaction. This procedure is outlined in a "preliminary order" that generally issues at the inception of civil cases: "Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact."[2] Unfortunately, the Court's preliminary order never issued in this long-pending case, which was initiated in May 2018 and inherited by the undersigned judge on November 2, 2018. This highlighting procedure would have obviated the need for side-by-side review of the 670 pages of two differently-redacted versions and greatly simplified the Court's analysis. At any rate, it is not Defendant's fault that it did not follow a procedure it was never asked to follow.

Nevertheless, the parties must have become aware of the Court's preferred highlighting procedure. On October 22, 2021, Defendant filed three motions to exclude expert testimony and opinions (Docs. 158, 159, 161), two of which were supported by a stipulation to seal (Doc. 160)—and Defendants lodged under seal documents containing highlighted text to indicate the proposed redactions (Docs. 162, 163). Although the stipulation is entitled "stipulation to seal certain exhibits," the stipulation asserts that harm (the revelation of Plaintiff's true identity) would occur only "if filed without public redaction" and specifies that "ABOR is contemporaneously filing redacted, unsealed versions of the above-referenced Exhibits with its Motions" (Doc. 160 at 2-3), such that it is clear that the stipulation seeks sealing only of the (highlighted) proposed redactions, not the exhibits in their entirety.

That same day, Plaintiff filed two motions to exclude expert testimony and opinions

---

[2] Available on the District of Arizona's website on the page for "Judges' Orders, Forms & Procedures": https://www.azd.uscourts.gov/sites/default/files/judge-orders/DWL%20Preliminary%20Order.pdf.

(Docs. 164, 165), along with a stipulation to seal "certain exhibits" to these motions. Plaintiff lodged under seal 213 pages of exhibits. (Doc. 167-1, 167-2, 167-3.) Two of the three lodged exhibits—the 19-page Borrelli report (Doc. 167-1) and the 49-page Duncan report (Doc. 167-3)—contain highlighting, indicating that only proposed redactions are sought, rather than sealing of the exhibits in their entirety (although the stipulation contains nothing in its title or body to alert the Court to this). Furthermore, a redacted version of the Borrelli report (Doc. 165-1 at 2-19) and Duncan report (*id.* at 133-181) were filed in the public record. The 145-page Lake report, however, was not filed in the public record—there is merely a page in the exhibit list stating "filed under seal" (Doc. 164 at 30)—and the lodged-under-seal version of the Lake report contains no highlighting.

## DISCUSSION

I.  Legal Standard

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A motion for summary judgment is clearly such a motion, as is a motion to exclude an

expert's opinions on key issues in the case, and the "compelling reasons" standard thus applies to the parties' current sealing requests.

"The factors relevant to a determination of whether the strong presumption of access is overcome include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

Conclusory allegations of harm do not meet the "compelling reasons" standard. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026-27 (9th Cir. 2014) ("[A] naked conclusory statement that publication . . . will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal."); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1270 (N.D. Cal. 2019) ("conclusory allegations of harm" did not "outweigh the public's right of access"). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work *a clearly defined and serious injury* to the party seeking closure." *Oliner*, 745 F.3d at 1026 (emphasis added). Vaguely asserting that disclosure of certain material would result in harm—without explaining why or how this is so—will not suffice. *Id.* It is the moving party's burden to provide facts, arguments, and legal authority that would allow the Court to "articulate the factual basis"—"without relying on hypothesis or conjecture"—for ruling that compelling reasons "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. Furthermore, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179.

II.   Analysis

As a preliminary matter, in his March 16, 2021 motion to seal, Plaintiff provided no argument in support of sealing, in their entirety, Exhibits A, B, C, D, I, J, K, M, N, O, and

1  P to his March 15, 2021 response to the Individual Defendants' motion for summary
2  judgment. (Doc. 113.) Moreover, the motion explicitly requested leave to file under seal
3  "unredacted" copies of these exhibits (*id.* at 2), such that redacted copies should have been
4  publicly filed as attachments to the response. Although these public filings are now much
5  belated, they remain necessary. Plaintiff is therefore ordered to file in the public record
6  redacted versions of these exhibits. The documents should be filed as a supplement to
7  Plaintiff's March 15, 2021 response. (Doc. 112.)

8  Regarding the currently pending motions, the Court has reviewed Defendant's
9  motion to seal unredacted versions of certain exhibits to its motion for summary judgment
10 (Doc. 156) and stipulation to seal unredacted versions of certain exhibits to its motions to
11 exclude expert testimony and opinions (Doc. 160) and concludes that the sealing standard
12 is met. The proposed redactions are limited to information that, if made public, would
13 reveal the identities of the parties or witnesses who are likely to suffer severe harm if their
14 identities are made public.

15 The stipulation to seal certain exhibits to Plaintiff's motions to exclude expert
16 testimony and opinions (Doc. 166) can be granted in part. The proposed redactions to the
17 Borrelli report (Doc. 167-1) are acceptable for the same reason explained above—the
18 material would reveal the identities of protected persons in this litigation. The Duncan
19 report (Doc. 167-3) also contains proposed redactions in this same vein. There is one
20 exception—the proposed redaction on page 15 of the report (Doc. 167-3 at 19) does not
21 meet the sealing standard. However, the redacted information (the year 2020 and the figure
22 56,479) is quite plainly stated in the text on the very same page. The Court will therefore
23 not require Plaintiff to file new version with this paltry bit of readily perceivable
24 information unredacted.

25 As for the Lake report (Doc. 167-2), the parties have made no effort to explain why
26 this report, in its entirety, is subject to sealing. This request is therefore denied without
27 prejudice. By November 5, 2021, Plaintiff shall either (1) file the Lake report, in its
28 entirety, in the public record as a supplement to his motion to exclude, or (2) file a redacted

version of the Lake report in the public record as a supplement to his motion to exclude and file a renewed motion to seal the unredacted version. If Plaintiff opts to file a renewed motion to seal, the proposed redactions should be narrowly tailored, and if they include material that the Court has not already found to be subject to sealing in this litigation (the names and identifying information of protected persons), the arguments in support of sealing should be specific to each proposed redaction.

As a final matter, to the extent that the parties file any additional sealing motions during the pendency of this litigation, the parties must clearly indicate, in the title and body of the motions or stipulations, whether they request leave to file a document under seal *in its entirety* or seek to seal only an *unredacted* version, with a redacted version to be filed in the public record. If the latter, a redacted version must be publicly filed at the time of the request, and an unredacted version—with the proposed redactions highlighted—must be lodged under seal.

Accordingly,

**IT IS ORDERED** that Plaintiff file in the public record redacted versions of Exhibits A, B, C, D, I, J, K, M, N, O, and P to his March 15, 2021 response to the Individual Defendants' motion for summary judgment.

**IT IS FURTHER ORDERED** that Defendant's motion "to seal certain exhibits" to its motion for summary judgment (Doc. 156), which is actually a motion to redact small amounts of identifying information, is **granted**.

**IT IS FURTHER ORDERED** that the parties' stipulation "to seal certain exhibits" to Defendants' motions to exclude testimony (Doc. 160), which again seeks only to redact small amounts of identifying information, is **granted**.

**IT IS FURTHER ORDERED** that the parties' stipulation "to seal certain exhibits" to Plaintiff's motions to exclude testimony (Doc. 166) is **granted in part and denied in part**. The proposed redactions to the Borrelli report (Doc. 167-1) and Duncan report (Doc. 167-3) are acceptable. The request to seal, in its entirety, the Lake report (Doc. 167-2) is **denied without prejudice**. By November 5, 2021, Plaintiff shall either (1) file the Lake

report, in its entirety, in the public record as a supplement to his motion to exclude, or (2) file a redacted version of the Lake report in the public record as a supplement to his motion to exclude and file a renewed motion to seal the unredacted version. If Plaintiff opts to file a renewed motion to seal, the proposed redactions should be narrowly tailored, and if they include material that the Court has not already found to be subject to sealing in this litigation (the names and identifying information of protected persons), the arguments in support of sealing should be specific to each proposed redaction.

**IT IS FURTHER ORDERED** that to the extent that the parties file any additional sealing motions during the pendency of this litigation, the parties must clearly indicate, in the title and body of the motions or stipulations, whether they request leave to file a document under seal *in its entirety* or seek to seal only an *unredacted* version, with a redacted version to be filed in the public record. If the latter, a redacted version must be publicly filed at the time of the request, and an unredacted version—with the proposed redactions highlighted—must be lodged under seal.

Dated this 26th day of October, 2021.

_____
Dominic W. Lanza
United States District Judge