**COHEN DOWD QUIGLEY**
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400

Daniel G. Dowd (012115)
Email: ddowd@CDQLaw.com
Betsy J. Lamm (025587)
Email: blamm@CDQLaw.com
Rebecca van Doren (019379)
Email: rvandoren@CDQLaw.com
   Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>The Arizona Board of Regents; James Rund; Craig Allen; Tara Davis; Kendra Hunter; Kathleen Lamp; and Andrew Waldron,<br><br>Defendants. | Case No.:  2:18-cv-01623-DWL<br><br>**ARIZONA BOARD OF REGENTS' MOTION FOR LEAVE TO FILE SECOND DISPOSITIVE MOTION**<br><br>(Assigned to the Honorable Dominic W. Lanza) |

Pursuant to the Court's December 27, 2019 Case Management Order (Doc. 67), the Arizona Board of Regents ("ABOR") respectfully moves the Court for leave to file a second dispositive motion relating to Plaintiff's Title IX claim, the sole claim remaining in this action. This request is based upon the recent April 28, 2022 decision of the United States Supreme Court in *Cummings v. Premier Rehab Keller, P.L.L.C.*, which unequivocally limits recovery under non-discrimination statutes enacted pursuant to Congress's power under the Spending Clause to remedies available under contract law. 142 S.Ct. 1562 (2022). The *Cummings* decision (and its progeny) prohibits Plaintiff from seeking or recovering emotional distress and reputational harm damages on his Title IX claim. Plaintiff seeks both types of damages in his operational Complaint.

Good cause exists to allow ABOR to file a second dispositive motion under the unique circumstances of this case.  The Supreme Court issued the *Cummings* decision in April 2022, months after ABOR filed its summary judgment motion in this matter and after the dispositive motion deadline.  As the *Cummings* decision did not exist at the time ABOR filed its first dispositive motion, ABOR could not have addressed the impact of *Cummings* in its original motion.  Moreover, the *Cummings* decision addresses an issue – the permissible scope of recoverable damages – that directly affects the scope of relevant evidence that may be presented at trial.  Resolution of this issue now serves the salient purposes of eliminating legally flawed damage claims, narrowing the issues for trial, and promoting judicial economy.  As trial has not yet been set, and the issue presented in ABOR's proposed filing is narrow and discrete, resolution of the motion should not delay the ultimate resolution of this case.  To the contrary, resolving the issues presented in ABOR's proposed filing will facilitate a more expedient resolution or trial of this action.  *See, e.g.*, *Hoffman v. Tonnemacher*, 593 F.3d 908, 910–913 (9th Cir. 2010) (holding district court has discretion to permit a second motion for summary judgment that has the potential to foster the efficient resolution of suits).

ABOR's proposed second Motion for Partial Summary Judgment is attached as Exhibit A for the Court's consideration.  ABOR requested Plaintiff stipulate to the relief requested in the Motion, but Plaintiff declined to do so.  Accordingly ABOR respectfully requests that the Court grant leave for ABOR to file the attached Motion.  A proposed Order is attached as Exhibit B.

RESPECTFULLY SUBMITTED this 9th day of September, 2022.

        COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
    Attorneys for Defendants

By:    */s/ Betsy J. Lamm*
        Daniel G. Dowd
        Betsy J. Lamm
        Rebecca van Doren

2