**COHEN DOWD QUIGLEY**
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400

Daniel G. Dowd (012115)
Email: ddowd@CDQLaw.com
Betsy J. Lamm (025587)
Email: blamm@CDQLaw.com
Rebecca van Doren (019379)
Email: rvandoren@CDQLaw.com
Jenna L. Brownlee (034174)
Email: jbrownlee@CDQLaw.com
   Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>           Plaintiff,<br><br>vs.<br><br>The Arizona Board of Regents, et al.,<br><br>           Defendants. | Case No.:  2:18-cv-01623-DWL<br><br>**ARIZONA BOARD OF REGENTS' MOTION FOR LEAVE TO FILE (1) REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND (2) EXHIBIT IN ALTERNATIVE FORMAT**<br><br>(Assigned to the Honorable Dominic W. Lanza) |

Pursuant to LRCiv 7.2(g)(2), the Arizona Board of Regents ("ABOR") respectfully moves the Court for leave to file a Reply in support of its Motion for Reconsideration, filed September 13, 2022 (Doc. 227).  ABOR further requests leave of Court to file an exhibit to the proposed Reply – the voluminous Title IX Case Tracking Report – in an alternative format to allow the Court to fairly examine the information available to Plaintiff and his proposed expert witness, Dr. Lance Kaufman ("Kaufman"), in performing his analysis.

On September 16, 2022, the Court requested a response from Plaintiff to ABOR's Motion for Reconsideration, instructing Plaintiff "to address ABOR's contention that, because Dr. Kaufman had access to additional information regarding the factual

circumstances of the sexual misconduct cases he analyzed but did not utilize that information, his analysis is flawed under *Pottenger v. Potlach Corp.*, 329 F.3d 740 (9th Cir. 2003)." [Doc. 229.] During oral argument on September 23, 2022, the Court further raised the prospect of supplemental briefing, including the potential submission of the complete Title IX Case Tracking Reports discussed in the summary judgment briefing and Motion for Reconsideration.[1] [*See* Reporter's Transcript of Proceedings, Motion Hearing, pp. 110-11, attached at Exhibit A.] The Court explained:

> [I]t appears to me in talking about Dr. Kaufman's statistics, and in particularly the F-23 statistic today, really one of the core disputed issues is whether Doe had a practical, meaningful ability to decipher the case tracking reports that were given after the initial reports.
>
> I know I've heard your position, that they're totally decipherable and you just look at the case numbers. I've heard their position that there's not. It strikes me that I can make a more informed decision on this if I actually could look at these things and figure it out, rather than just have each side's characterization of whether they're decipherable.
>
> … But I am very focused on this passage in *Pottenger* that sort of talks about when one side has access to additional important information and doesn't use it, that's really a big deal.
>
> So that raises the question, did they have meaningful access to it in this case?
>
> I just have never seen it, I've just heard characterizations of it. I don't know whether an appropriate way to do this would be to have some sort of additional presentation from the parties so I can just look at the stuff firsthand and figure out what's going on.

[*Id.*] On September 27, 2022, in its Order regarding the parties' motions to exclude expert testimony, the Court clarified that Plaintiff's response would "also serve as a supplemental brief regarding the motion to exclude Dr. Kaufman." [Doc. 233 at n.1; *see also* Doc. 231.]

Plaintiff's Opposition to Defendant's Motion for Reconsideration ("Response") (Doc. 241) does not answer the issue raised by the Court, does not meaningfully address

---

[1] ABOR contends that review of the data in the Title IX Case Tracking Reports establishes that Kaufman's alleged female comparators are not similarly situated to Plaintiff and that Kaufman's analysis is not evidence of intentional gender bias sufficient to defeat summary judgment.

2

*Pottenger* or fairly distinguish the case, does not address what the Court characterized as a "core disputed issue[]" of "whether Doe had a practical, meaningful ability to decipher the case tracking reports," and does not provide the Court with a copy of the Title IX Case Tracking Report. A short Reply will provide ABOR a fair opportunity to address these core issues. It will also allow the Court to review the Title IX Case Tracking Report for itself. The most comprehensive version of the Title IX Case Tracking Report, however, is 360 megabytes, and far exceeds the Court's electronic filing size limitation of 10 megabytes per document. *See* District of Arizona Case Management/ Electronic Case Filing Administrative Policies and Procedures Manual, §§ I(A), II(N) ("E-Filing Procedures"). ABOR requests leave of Court to submit the document via flash drive, DVD, or other alternative means convenient to the Court pursuant to Section II(N)(2) of the E-Filing Procedures to allow the Court to fairly review the document as produced to Plaintiff two years ago in this litigation.

ABOR's requested Reply will not focus on arguments already made (and responded to), but it will address new arguments Plaintiff raises for the first time in the Response, including never-before-asserted criticisms of the Title IX Case Tracking Reports. [*See* Doc. 241 at 7-8.] As these arguments were not submitted with Plaintiff's opposition to summary judgment (or during the *Daubert* briefing and argument), a Reply is ABOR's first opportunity to respond to them.

Accordingly, to ensure the Court has the full and accurate information necessary to consider Plaintiff's Response and rule on ABOR's Motion for Reconsideration, ABOR respectfully requests leave of Court to (1) file a Reply in support of ABOR's Motion for Reconsideration and (2) submit the Title IX Case Tracking Report as an exhibit to the Reply in an alternative format. A proposed Order is attached as Exhibit B.

. . .

. . .

. . .

3

RESPECTFULLY SUBMITTED this 18th day of October, 2022.

                        COHEN DOWD QUIGLEY
                        The Camelback Esplanade One
                        2425 East Camelback Road, Suite 1100
                        Phoenix, Arizona 85016
                            Attorneys for Defendants

By:     */s/ Betsy J. Lamm*
           Daniel G. Dowd
           Betsy J. Lamm
           Rebecca van Doren
           Jenna L. Brownlee