Robert B. Carey (011186)
Leonard W. Aragon (020977)
E. Tory Beardsley (031926)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
rob@hbsslaw.com
leonard@hbsslaw.com
toryb@hbsslaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, a single man,<br><br>Plaintiff,<br><br>v.<br><br>The Arizona Board of Regents, et al.,<br><br>Defendants. | Case No.: 2:18-cv-01623-DWL<br><br>**PLAINTIFF'S RESPONSE TO ARIZONA BOARD OF REGENTS' MOTION FOR LEAVE TO FILE (1) REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND (2) EXHIBIT IN ALTERNATIVE FORMAT**<br><br>(Assigned to the Honorable Dominic W. Lanza) |

**I.     Introduction**

Plaintiff John Doe by and through the undersigned counsel opposes Defendant Arizona Board of Regents' ("ABOR") Motion for Leave to File Reply in Support of Reconsideration. Dkt. 244. Doe does not oppose ABOR's Motion for Leave to File an Exhibit in Alternative Format subject to the caveat set forth below. Doe prepared this Response before receiving the Order granting Defendant's Motion and is filing this Response to ensure a complete record.

**II.    Memorandum of Points and Authorities**

**A.     ABOR's Motion for Leave to File a Reply should be denied.**

ABOR moves for leave to file a Reply in support of its Motion for Reconsideration on two grounds. First, because the Court ordered Doe to respond to ABOR's citations to *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 748 (9th Cir. 2003) and Doe failed to do so. Dkt. 244. Second, because Doe raises new arguments in his Response that are not set forth in the Motion for Summary Judgment. *Id.* Both these arguments are false, and neither is proper grounds for granting ABOR's Motion.

ABOR is not entitled to a reply in support of its motion for reconsideration. L.R. Civ. 7.2(g). Leave to file a reply on a motion for reconsideration should only be granted "where a valid reason for such additional briefing exists, such as where the [respondent] raises new arguments in its [response] brief." *Cf. Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); *see also Edwards v. Mondora*, 700 F. App'x 661, 664 (9th Cir. 2017).[1] Because such replies are discouraged, only the "most exceptional or extraordinary circumstances" warrant permitting ABOR's Reply. *Tesla, Inc. v. Tripp*, 487 F. Supp. 3d 953, 969 (D. Nev. 2020). ABOR has not demonstrated such circumstances.

First, the Court did not limit Doe to responding to the *Pottenger* question. Indeed, it stated the opposite:

---

[1] The caselaw regarding leave to file a reply in support of a motion for reconsideration is limited. Doe contends that because a movant is not entitled to a reply, the standard for granting leave to file a sur-reply is analogous enough to support his claims.

1

> THE COURT: I was hoping to get briefing on the entire motion. And I just wanted to alert you that based on my first cut through it, that was the one case that really stood out to me as something that would benefit from more discussion. But I didn't want to limit you just to that.

Ex. A, *Daubert* Hearing Tr. at 114:4-13.

Additionally, it is untrue that Doe "does not meaningfully address *Pottenger* or fairly distinguish the case." Dkt. 244 at 3-4. Doe's response devotes an entire page and a half to distinguishing *Pottenger* from this case. Dkt. 239 at 6-7. Even if Doe did not address *Pottenger*, he did, that is not grounds for leave to file a reply. *Cf. Allen v. Campbell*, No. 4:20-CV-00218-DCN, 2020 WL 6876198, at *7 (D. Idaho Nov. 23, 2020).

Second, ABOR claims it is entitled to a reply because Doe submitted arguments that were not submitted with his opposition for summary judgment. Dkt. 244 at 3. No. Each of Doe's arguments responds squarely to arguments raised by ABOR in its Motion for Reconsideration. *See generally* Dkt. 239.[2] To the extent Doe presents arguments that are outside the scope of the summary judgment brief, that is because ABOR raised these arguments for the first time in its motion for reconsideration. *See, e.g.*, Dkt. 239 at 2, 11-12. The Court should not reward ABOR with a reply where it presented "new" arguments it could have presented in the summary judgment or *Daubert* briefing in its motion for reconsideration.

ABOR only points to one item it contends is a "new" argument, namely Doe's criticisms of the Title IX Spreadsheets ("TIX Spreadsheets"). Dkt. 244 at 3. This argument is easily disproved on the face of Doe's response where each criticism is supported by a citation to the summary judgment or *Daubert* papers and oral argument. *See, e.g.*, Dkt. 239 at 7 ("Extrapolating from the incomplete TIX Spreadsheet data to all incidents on the F-23

---

[2] Even a cursory review of Doe's Response shows that it is entirely rooted in responding to ABOR's opening brief. For each argument, the Response formulaically sets forth ABOR's argument or case cited followed by Doe's contention why such an argument is incorrect, or case is inapposite.

2

Spreadsheets is only reliable if the Title IX Case Tracking cases were randomly sampled from the full incidents reflected on the F-23 Spreadsheets; where, as here, the cases were not randomly sampled there is no reliable method of drawing conclusions about the population from the data. Dkt. 182-1 ¶ 6."). The only "new" evidence is the list of missing claims numbers submitted by Doe, *Id.* at 7, Ex. A, used to support his prior contention that the TIX Spreadsheets are incomplete and thus unreliable, Dkt. 182-1 ¶ 6, and to dispute ABOR's counsel's claims at oral argument that the TIX Spreadsheets are a "direct overlap" with the data considered by Dr. Kaufman. Dkt. 239, Ex. B at 73:16-18. ABOR had the opportunity to and did address the completeness of the TIX Spreadsheets in its reply on summary judgment and to its motion to strike the opinions of Dr. Kaufman, at oral argument, and in its Motion for Reconsideration. This issue has been fully briefed, is not new, and ABOR should not be granted a reply.

For these reasons, ABOR should not be granted leave to file a reply.

**B.  ABOR should only be permitted to provide the TIX Spreadsheets in the format in which they were produced.**

Doe does not oppose ABOR's Motion to File Exhibit in Alternative Format if it is filed in the exact form in which it was produced to Doe. In particular, the documents were not produced in a searchable format, yet ABOR's counsel claimed the opposite during *Daubert* oral arguments. Ex. A at 112:7-11. Presenting the documents in searchable format would constitute a misrepresentation that would make the data within the TIX Spreadsheets appear more accessible than it truly is. For these reasons, ABOR should only be permitted to submit the TIX Spreadsheets to the Court in the exact format in which they were produced.

RESPECTFULLY SUBMITTED this 19th day of October 2022.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By  s/ Leonard W. Aragon
    Robert B. Carey (011186)
    Leonard W. Aragon (020977)

3

E. Tory Beardsley (031926)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
rob@hbsslaw.com
leonard@hbsslaw.com
toryb@hbsslaw.com

Attorneys for Plaintiff John Doe

4