**COHEN DOWD QUIGLEY**
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400

Daniel G. Dowd (012115)
Email: ddowd@CDQLaw.com
Betsy J. Lamm (025587)
Email: blamm@CDQLaw.com
Rebecca van Doren (019379)
Email: rvandoren@CDQLaw.com
Jenna L. Brownlee (034174)
Email: jbrownlee@CDQLaw.com
   Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>The Arizona Board of Regents, et al.,<br><br>Defendants. | Case No.: 2:18-cv-01623-DWL<br><br>**ARIZONA BOARD OF REGENTS' REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT RE: SCOPE OF PERMISSIBLE DAMAGES**<br><br>(Assigned to the Honorable Dominic W. Lanza)<br><br>**(Oral Argument Requested)** |

The Arizona Board of Regents ("ABOR") seeks partial summary judgment on Plaintiff John Doe's claim for non-contractual damages. The United States Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.* precludes the recovery of such damages in private rights of action under statutes enacted pursuant to Congress's power under the Spending Clause of the United States Constitution. *See* 142 S. Ct. 1562, 1572, *reh'g denied*, 142 S. Ct. 2853 (2022). It is undisputed that Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, ("Title IX") is one such statute. *Id.* at 1569. Yet Plaintiff opposes ABOR's Motion, arguing 1) the Ninth Circuit has not applied the ruling to Title IX; 2) there is no evidence ABOR was not aware it would be subject to non-contractual damages; and 3)

ABOR's objection to Plaintiff's request for such damages is untimely and therefore waived. Each contention fails. Respectfully, this Court does not have discretion to ignore the Supreme Court's decision in *Cummings* and ABOR's Motion must be granted.

## I.   *Cummings* Applies To Claims Under Title IX.

Plaintiff admits that in *Cummings*, the United States Supreme Court held that emotional distress damages "are not recoverable under the Spending Clause statutes we consider here." [Doc. 238 at 2 (*quoting Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1572 (2022)).] He argues, however, that *Cummings* does not apply because the plaintiff in *Cummings* asserted claims under the Affordable Care Act and the Rehabilitation Act of 1973, not Title IX. [Doc. 238 at 2.] Plaintiff materially misunderstands the Supreme Court's analysis and statements in *Cummings*.

It is not possible to read *Cummings* as excluding Title IX from its scope, particularly where the Supreme Court discussed Spending Clause legislation as a whole and specifically identified Title IX as a statute enacted under the Spending Clause. 142 S. Ct. at 1569 (identifying the "four statutes prohibiting recipients of federal financial assistance from discriminating based on certain protected grounds," including Title IX, as having been enacted under the Spending Clause). The Court also relied on its prior analysis in *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998), a Title IX case. *Id.* As one court addressing *Cummings* in the context of Title IX recently found, "[w]hile the Supreme Court's holding in *Cummings* was limited to the ACA and RA, the opinion's underlying reasoning **forces the same conclusion for Title IX**." *Doe next friend of Doe v. City of Pawtucket*, 2022 WL 4551953, at \*2 (D.R.I. Sept. 29, 2022) (emphasis added). *See also Montgomery v. D.C.*, 2022 WL 1618741, at \*24 (D.D.C. May 23, 2022) ("Although the statutes allegedly violated in Cummings were the Rehabilitation Act and the Patient Protection and Affordable Care Act, 142 S. Ct. at 1569, the Supreme Court's reasoning applies to other statutes as well."). Indeed, even the dissent in *Cummings* recognized that the Court's decision would extend to claims asserted under Title IX. *Cummings*, 142 S. Ct. at 1577 (Breyer, J., dissenting ("Using its Spending Clause authority, Congress has enacted four statutes that prohibit recipients of

federal funds from discriminating on the basis of certain protected characteristics, including … Title IX…. Today, the Court holds that the compensatory damages available under **these statutes** cannot include compensation for emotional suffering.")) (emphasis added).

Plaintiff further suggests that this Court is somehow not obligated to follow *Cummings* because "[n]o court in the Ninth Circuit has applied *Cummings* to a Title IX case." [Doc. 238 at 3.] The law commands otherwise. This Court is obligated to follow binding Supreme Court precedent, even if the Ninth Circuit has not yet weighed in on the issue. *See Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 86 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Obviously, binding authority is very powerful medicine. **A decision of the Supreme Court will control that corner of the law unless and until the Supreme Court itself overrules or modifies it**. Judges of the inferior courts may voice their criticisms, but follow it they must." (emphasis added)). Plaintiff cannot escape *Cummings'* effect simply by asserting that the Ninth Circuit has not yet applied it.

For the related proposition that "courts across the county have reached different conclusions regarding the applicability of *Cummings* to Title IX cases" [Doc 238 at 3], Plaintiff cites only two cases, both from the same district. [*Id.* (*citing Doe v. Purdue Univ.*, (N.D. Ind. Aug. 11, 2022) ("*Doe I*"), and *Doe v. Purdue Univ.*, 2022 WL 2828238 (N.D. Ind. July 20, 2022) ("*Doe II*")).] In *Doe I*, the court held that the *Cummings* decision "forecloses [plaintiff's] claim for 'emotional and psychological damages.'" 2022 WL 3279234, at *13. In *Doe II*, the court summarily rejected *Cummings* as inapplicable to a Title IX action. 2022 WL 2828238, at *4.[1]

---

[1] Other district courts have rejected plaintiffs' efforts to rely on *Doe II* as persuasive because of its cursory treatment of the issue. *See Doe 1 v. Curators of Univ. of Mo.*, 2022 WL 3366765, at *2, n. 1 (W.D. Mo. Aug. 15, 2022) (noting that *Doe II* "did not fully analyze the issue and specifically did not address *Cummings*'s implications for all Spending Clause

3

1    Neither of the cases Plaintiff cites involved an analysis of *Cummings*. The courts that
2 have analyzed the issue, however, have uniformly held that the outcome in *Cummings* applies
3 equally to claims under Title IX. *See City of Pawtucket,* 2022 WL 4551953, at *2 (holding that
4 reasoning in *Cummings* applies to Title IX claims); *Curators of Univ. of Mo.*, 2022 WL 3366765,
5 at *3 ("The Court holds that *Cummings* applies to Plaintiffs' Title IX claims."); *Bonnewitz v.*
6 *Baylor Univ.*, 2022 WL 2688399, at *3 (W.D. Tex. July 12, 2022) ("On April 28, 2022, the U.S.
7 Supreme Court barred recovery of emotional distress damages under anti-discriminatory
8 legislation such as Title IX.") (*citing Cummings*, 142 S. Ct. at 1572)). Plaintiff provides no
9 reasoned argument on which this Court could conclude that the *Cummings* decision does not
10 apply to Title IX claims.

## II. *Cummings* Does Not Permit, And Certainly Does Not Require, A Fact-Based Analysis Of ABOR's Awareness.

13    Plaintiff next attempts to avoid the preclusion of alleged emotional distress and
14 reputational damages by misinterpreting *Cummings*. Plaintiff asserts that the question asked
15 and answered in *Cummings*, "[w]ould a prospective funding recipient, at the time it engaged in
16 the process of deciding whether to accept federal dollars, have been aware that it would face
17 such liability," is somehow a question of <u>fact</u> that must be separately analyzed in each
18 particular case. [Doc. 238 at 3.] Plaintiff then cites pleadings and disclosures in this case to
19 argue that the "question in *Cummings* is easily answered: yes, ABOR knew it was subject to
20 damages for emotional distress (and reputational harm) under Title IX when it accepted
21 federal dollars." [Doc. 238 at 3-4.][2]

---

legislation"); *City of Pawtucket*, 2022 WL 4551953, at *3 (finding that *Doe II* "made a conclusory statement that is against the thrust—even if relegated to dicta—of the Supreme Court's opinion in *Cummings*" and holding that "the Court sees no other option but to conclude that emotional distress damages are precluded in private suits to enforce Title IX").
[2]    Plaintiff's contention that ABOR "knew it was subject to emotional distress damages" is wholly unsupported. The evidence Plaintiff cites reflects only ABOR's awareness that Plaintiff was seeking damages for emotional distress and reputational harm. That assertion has nothing to do with the salient inquiry. Even if this argument were somehow relevant to the analysis (it is unequivocally irrelevant), ABOR never conceded or "admitted" that Plaintiff was <u>entitled to</u> such damages under Title IX.

Plaintiff's position is irreconcilable with the rationale and holding in *Cummings*. There is no language in *Cummings* holding, suggesting, or even remotely implying that a case-by-case analysis of whether a particular federal funding recipient was aware of the possibility of emotional distress damages in connection with a particular case or in connection with its first acceptance of federal funds is required. Rather, the Court's analysis is centered on whether Congress's power to enact the statute at issue included subjecting a federal funding recipient to damages for emotional distress. *Cummings*, 142 S. Ct. at 1570 ("Recipients cannot 'knowingly accept' the deal with the Federal Government unless they 'would clearly understand … the obligations' that would come along with doing so.") (*quoting Arlington Central Sch. Dist. Bd. of Ed. v. Murphy*, 548 U.S. 291, 296 (2006)). The Court held that it would "construe the reach of Spending Clause conditions with an eye toward 'ensuring that the receiving entity of federal funds [had] notice that it will be liable.'" *Id.* (*quoting Gebser*, 524 U.S. at 287 (alteration in original)).

In answering the question of whether the funding recipient was aware that by accepting federal funds, it would face liability for emotional distress damages, the Supreme Court did not instruct lower courts to consider the particular facts of each case before them, as Plaintiff argues. Rather, it held that "we may **presume** that a funding recipient is aware that, for breaching its Spending Clause 'contract' with the Federal Government, it will be subject to the *usual* contract remedies in private suits." *Id.* at 1571 (bold emphasis added, italics in original). The Court then went on to determine that because emotional distress damages are not generally compensable in contract, "such damages are **not recoverable** under the Spending Clause statutes we consider here." *Id.* at 1572 (emphasis added).

Far from adopting a case-by-case approach, the Supreme Court even rejected the suggestion that courts should look to the existence of "exceptions" permitting the recovery of non-contractual damages, such as damages for emotional distress, in certain types of cases or in certain jurisdictions. *Id.* at 1573-76. The Court explained:

> [W]e employ the contract analogy "only as a potential *limitation* on liability" compared to that which "would exist under nonspending statutes." We do so

5

to ensure that funding recipients "exercise[d] their choice" to take federal dollars "knowingly, cognizant of the consequences" of doing so. Here, the statutes at issue say nothing about what those consequences will be. Nonetheless, consistent with *Barnes*, it is fair to consider recipients aware that, if they violate their promise to the Government, they will be subject to either damages or a court order to perform. Those are the usual forms of relief for breaching a legally enforceable commitment. No dive through the treatises, 50-state survey, or speculative drawing of analogies is required to anticipate their availability.

*Id.* at 1573 (*quoting Sossamon v. Tex.*, 563 U.S. 277, 290 (2011) (emphasis in original)). The Court rejected the "approach offered by Cummings," who argued for the inclusion of "the special rule that 'recovery for emotional disturbance' is allowed in a particular circumstance: where the contract or the breach is of a kind that serious emotional disturbance was a particularly likely result.'" *Id.* at 1572. The Court held that this approach "pushes the notion of 'offer and acceptance' past its breaking point" by assuming that funding recipients "will know the contours of every contract doctrine, no matter how idiosyncratic or exceptional." *Id.* at 1565 (citations omitted)).[3] The Court's rationale, in permitting only those types of damages uniformly available in contract, effectively rejected the fact-specific inquiry Plaintiff seeks to impose.

A theory similar to Plaintiff's was rejected by the district court in *Doe v. Bd. of Regents of Univ. of Neb.*, 2022 WL 3566990 (D. Neb. Aug. 18, 2022). There, plaintiff contended that defendant did not argue in an earlier brief that it was not aware that it was liable for emotional distress damages. She asserted that this failure waived any argument that defendant did not believe it would be liable for emotional distress damages, "thereby meeting the burden set forth by the *Cummings* Court in order to sustain a claim for emotional distress damages in a Title IX action." *Id.* at *4. The court swiftly rejected this notion:

---

[3] In a footnote, Plaintiff cites the dissent in *Cummings* to argue that plaintiffs are "traditionally" entitled to emotional distress damages for breach of contract in suits involving discrimination, such that "ABOR understood intentional discrimination based on race or sex is particularly likely to cause emotional distress suffering and that it would be liable for such damages for violating the statute, notwithstanding the Supreme Court's decision regarding the Affordable Care Act and Rehabilitation Act." [Doc. 238 at 5 n.5.] However, by definition, statements in a dissent are not the law. The law, as decided by the majority in *Cummings*, is that these damages are not available.

6

"Doe grossly misreads Cummings. Absolutely nothing in that case even remotely suggests the offbeat and unfounded theory of 'waiver' she proposes." *Id.*

As in *Univ. of Neb.*, Plaintiff's attempt to interpose a fact-based analysis of a particular defendant's subjective knowledge in a particular case into the holding in *Cummings* must be rejected. It is an improper reading of the *Cummings* decision.

## III.   ABOR Did Not Waive Reliance On *Cummings*.

Finally, Plaintiff argues that ABOR somehow waived the application of *Cummings* to this matter "by not raising the argument sooner even though it could have." [Doc. 238 at 4.] For this contention, Plaintiff relies entirely on *Asfall v. Los Angeles Unified Sch. Dist.*, 2022 WL 2764747 (9th Cir. July 15, 2022). In *Asfall*, the Ninth Circuit held that it generally would not consider "issues raised for the first time **on appeal**." *Id.* at *4 (*quoting U.S. v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990)) (emphasis added). The court then analyzed whether, prior to *Cummings*, defendant was precluded from making the same argument by existing law, which was a "recognized ground for excusing forfeiture of an issue." *Id.* It held that because "there was no binding Ninth Circuit precedent that foreclosed a challenge to noneconomic damages under Title IX," the outcome in *Cummings* did not change the law and defendant could have made the argument in the district court. *Id.*

*Asfall* obviously does not apply here. This is not an appeal.[4] Moreover, Plaintiff cites no law for the proposition that there was some earlier point in this case at which ABOR should have argued to this Court that Plaintiff is not entitled to emotional and reputational damages. The argument that ABOR should have predicted the Supreme Court's decision and relied on the Fifth Circuit to challenge Plaintiff's damages earlier is also illogical. As noted in ABOR's Motion, prior to *Cummings*, decisions in the Ninth Circuit indicated that emotional distress damages may be recoverable under Title IX. [Doc. 223 at 2 n.1.] In light of those cases, it was not prudent or efficient for ABOR to seek partial summary judgment on Plaintiff's damages until after the Supreme Court decided the issue and created binding

---

[4] Pursuant to Ninth Circuit Rule 36-3, the *Asfall* Memorandum Decision is "not precedent" and thus is not binding on this Court.

law. Plaintiff further cites no authority for the proposition that ABOR's decision to seek summary judgment on this issue after *Cummings* was decided somehow entitles Plaintiff to damages that the Supreme Court has held are not available. That notion makes no sense.[5] The timing of ABOR's Motion is appropriate. *See Curators of Univ. of Mo.*, 2022 WL 3366765, *1 (granting second summary judgment motion filed with court's permission after *Cummings* was decided and precluding emotional distress damages).

**IV. Conclusion.**

Plaintiff offers no legitimate basis on which this Court can disregard the binding impact of *Cummings* and allow him to continue pursuing damages for non-contractual damages, including alleged emotional distress and reputational harm. *Cummings* is binding precedent that precludes Plaintiff's recovery of such damages as a matter of law. ABOR's Motion for Partial Summary Judgment re: Scope of Permissible Damages should be granted.

RESPECTFULLY SUBMITTED this 27th day of October, 2022.

COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
   Attorneys for Defendants

By:   */s/ Betsy J. Lamm*
      Daniel G. Dowd
      Betsy J. Lamm
      Rebecca van Doren
      Jenna L. Brownlee

---

[5] During discussions of the *Cummings* decision between ABOR and Plaintiff prior to ABOR filing its Motion, Plaintiff suggested that the issue be handled even later in the case, in connection with jury instructions. Moreover, Plaintiff did not raise any issue with respect to timing when ABOR raised the issue with the Court during the status conference held on June 30, 2022, or when ABOR sought leave to file its second summary judgment motion on this issue. If anything, Plaintiff has waived his waiver argument.

8