**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Unknown Party, | No. CV-18-01623-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Pending before the Court is ABOR's motion for partial summary judgment regarding the scope of permissible damages. (Doc. 223.) For the following reasons, the motion is granted.

**RELEVANT BACKGROUND**

In April 2016, Plaintiff John Doe, then a student-athlete at Arizona State University ("ASU"), and another man had a three-way sexual encounter with ASU student Jane Roe at an off-campus party. Roe immediately reported the incident to the police, who declined to pursue criminal charges against Doe after reviewing videotape footage of the incident (which the other male participant had surreptitiously created). Several months later, Roe reported the incident to ASU, claiming she had been too intoxicated to consent. Doe was suspended by ASU and, after an investigation, expelled for violating various provisions of the ASU Student Code of Conduct, including provisions related to sexual misconduct.

In this action, Doe initially asserted an array of claims against an array of

defendants, but his sole remaining claim is a Title IX claim against ABOR.[1]  During the discovery process, Doe disclosed that the damages he is seeking pursuant to his Title IX claim include both economic damages[2] and damages arising from "physical, psychological, [and] emotional harm."  (Doc. 223-1 at 4-7.)

On October 12, 2021, after the close of discovery, ABOR moved for summary judgment on Doe's Title IX claim.  (Doc. 155.)  This motion only addressed liability, not the scope of available damages.  (*Id.*)

On April 28, 2022, while ABOR's summary judgment motion was still pending, the Supreme Court decided *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022).  Based on this development, and after the Court denied ABOR's initial summary judgment motion (Doc. 209), ABOR sought and was granted leave to file a second summary judgment motion addressing the scope of damages available under Title IX.  (Docs. 219, 222.)  That motion is now fully briefed.  (Docs. 223, 238, 249.)[3]

**DISCUSSION**

I.   Legal Standard

"The court shall grant summary judgment if [a] movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor."  *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).  The court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor."

---

[1]   As this case was proceeding, Doe prevailed in a separate state-court action in which he sought review of ASU's expulsion decision.  There, the Arizona Court of Appeals held that the sexual misconduct findings against Doe were "not supported by substantial evidence" and thus vacated the expulsion order.  *Doe v. Ariz. Bd. of Regents*, 2019 WL 7174525, *9 (Ariz. Ct. App. 2019).

[2]   Doe's expert opines that "Doe's economic loss could range from $631,490 in a scenario in which Doe became a Division II or III [wrestling] coach to $5,543,579 in a scenario in which Doe became a Division I coach."  (Doc. 250 at 9.)

[3]   ABOR's request for oral argument is denied because the issues are fully briefed and argument would not aid the decisional process.  *See* LRCiv 7.2(f).

*Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). "Summary judgment is improper where divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno Motors*, 771 F.3d at 1125.

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "If . . . [the] moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103.

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Id.* There is no issue for trial unless enough evidence favors the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. At the same time, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 254. Thus, "the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." *Id.* at 255.

…

…

II.     The Parties' Arguments

ABOR seeks partial summary judgment in its favor on "Doe's claim for non-contractual damages . . . including but not limited to [Doe's] request for damages for alleged emotional distress and reputational harm." (Doc. 223 at 1-2.) ABOR contends this outcome is compelled by *Cummings*, which held that emotional distress damages are not available for violations of the non-discrimination provisions of the Rehabilitation Act and the Affordable Care Act ("ACA"). (*Id.* at 2-4.) According to ABOR, *Cummings* must be read as also prohibiting the recovery of emotional distress damages in a Title IX action because *Cummings* contains a "specific reference to Title IX as one of the statutes" that, like the Rehabilitation Act and the ACA, was "enacted pursuant to Congress's Spending Clause authority." (*Id.* at 3-4.) ABOR also identifies several recent decisions in which district courts have interpreted *Cummings* as barring the recovery of emotional distress damages under Title IX. (*Id.* at 4-5.) Finally, ABOR identifies one recent decision interpreting *Cummings* as barring the recovery of reputational harm damages under Title IX and argues that the Court should impose the same limitation here because reputational harm is not ordinarily recoverable on a contract claim and, under *Cummings*, statutes like Title IX (*i.e.*, statutes enacted pursuant to Congress's Spending Clause authority) should be construed as only authorizing traditional contract damages. (*Id.* at 5-6.)

Doe opposes ABOR's motion for what the Court perceives to be three reasons. (Doc. 238.) First, Doe argues that *Cummings* is inapplicable in a Title IX action because its "holding is limited to the Spending Clause statutes it considered in the case, the Affordable Care Act and the Rehabilitation Act of 1973." (*Id.* at 1-2.) Doe also suggests that lower courts "have reached different conclusions regarding the applicability of *Cummings* to Title IX case[s]." (*Id.*) Second, and alternatively, Doe argues that *Cummings* does not categorically preclude the recovery of emotional distress damages under Title IX but instead makes the availability of such damages contingent on whether the funding recipient was aware of the potential for liability at the time if engaged in the process of deciding whether to accept federal funds. (*Id.* at 2-3.) According to Doe, this test means

- 4 -

that emotional distress damages are available here because "the only evidence is that ABOR understood that Doe could recover emotional distress damages." (*Id.*) Third, Doe argues that ABOR waived any right to dispute the availability of emotional distress and reputational harm damages by failing to raise the issue as an affirmative defense or within a reasonable time after the Fifth Circuit's decision in *Cummings*. (*Id.* at 3-4.)

In reply, ABOR argues that "[i]t is not possible to read *Cummings* as excluding Title IX from its scope, particularly when the Supreme Court discussed Spending Clause legislation as a whole and specifically identified Title IX as a statute enacted under the Spending Clause." (Doc. 249 at 2.) ABOR also states that this Court must follow intervening Supreme Court authority when it conflicts with earlier Ninth Circuit precedent and contends that the lower-court decisions containing reasoned analysis have "uniformly" interpreted *Cummings* as applying to Title IX claims. (*Id.* at 2-4.) Next, as for Doe's alternative basis for distinguishing *Cummings*, ABOR argues that "[t]here is no language in *Cummings* holding, suggesting, or even remotely implying that a case-by-base analysis of whether a particular federal funding recipient was aware of the possibility of emotional distress damages in connection with a particular case or in connection with its first acceptance of federal funds is required. . . . The Court's rationale, in permitting only those types of damages uniformly available in contract, effectively rejected the fact-specific inquiry [Doe] seeks to impose." (*Id.* at 4-6.) Finally, as for Doe's waiver argument, ABOR responds that it had no reason to challenge the availability of emotional distress damages before the Supreme Court decided *Cummings* (because "prior to *Cummings*, decisions in the Ninth Circuit indicated that emotional distress damages may be recoverable under Title IX") and that waiver principles do not, at any rate, apply in this circumstance. (*Id.* at 7-8.)

III.   Analysis

The Court agrees with ABOR that, in light of *Cummings*, Doe's claims for non-contractual damages (including emotional distress and reputational harm damages) are no longer valid.

In *Cummings*, the plaintiff (who was deaf and legally blind) asked the defendant,

which provided physical therapy services, to provide a sign language interpreter during her appointments. 142 S. Ct. at 1568-69. After the defendant refused, the plaintiff brought claims under the anti-discrimination provisions of the Rehabilitation Act and the ACA, seeking damages only for "humiliation, frustration, and emotional distress." *Id.* at 1569. The district court dismissed on the ground that emotional distress damages are not available based on such claims and the Fifth Circuit affirmed. *Id.* The Supreme Court then granted certiorari, framing the issue before it as follows:

> Congress has broad power under the Spending Clause of the Constitution to set the terms on which it disburses federal funds. "[L]egislation enacted pursuant to the spending power is much in the nature of a contract: in return for federal funds, the [recipients] agree to comply with federally imposed conditions." Exercising this authority, Congress has passed a number of statutes prohibiting recipients of federal financial assistance from discriminating based on certain protected characteristics. We have held that these statutes may be enforced through implied rights of action, and that private plaintiffs may secure injunctive or monetary relief in such suits. Punitive damages, on the other hand, are not available. The question presented in this case is whether another special form of damages—damages for emotional distress—may be recovered.

*Id.* at 1568 (citations omitted).

When addressing this question, the Court began by identifying the "four statutes prohibiting recipients of federal financial assistance from discriminating based on certain protected grounds" that Congress has enacted pursuant to the Spending Clause, which are Title VII, Title IX, the Rehabilitation Act, and the ACA. *Id.* at 1569-70. As for the remedies that are available "in actions brought to enforce Spending Clause statutes," the Court explained that because "Spending Clause legislation operates based on consent," the remedies analysis turns on whether the recipient had "notice" of "what sort of penalties might be on the table" in return for "accepting federal funding." *Id.* at 1570-71 (citations omitted). The Court continued: "In order to decide whether emotional distress damages are available under the Spending Clause statutes we consider here, we therefore ask a simple question: Would a prospective funding recipient, at the time it engaged in the process of deciding whether to accept federal dollars, have been aware that it would face

such liability? If yes, then emotional distress damages are available; if no, they are not." *Id.* (cleaned up). After acknowledging that "it is not obvious how to decide whether funding recipients would have had the requisite clear notice regarding the liability at issue in this case," the Court held that "we may presume that a funding recipient is aware that, for breaching its Spending Clause 'contract' with the Federal Government, it will be subject to the *usual* contract remedies in private suits." *Id.* at 1571 (citations and internal quotation marks omitted). Because it is "hornbook law that emotional distress is generally not compensable in contract," the Court concluded that "we therefore cannot treat federal funding recipients as having consented to be subject to damages for emotional distress. It follows that such damages are not recoverable under the Spending Clause statutes we consider here." *Id.* at 1571-72 (citations and internal quotation marks omitted). Put another way, the Court held that because there is "no basis in contract law to maintain that emotional distress damages are traditionally available in suits for breach of contract," there is "correspondingly no ground, under our cases, to conclude that federal funding recipients have clear notice that they would face such a remedy in private actions brought to enforce the statutes at issue." *Id.* at 1576 (cleaned up).

With this summary in mind, the Court has little trouble rejecting Doe's two bases for attempting to distinguish *Cummings*. First, although it is true that the plaintiff in *Cummings* only asserted claims under the Rehabilitation Act and the ACA (and not under Title IX), the opinion makes clear that the Court's logic would apply in all "actions brought to enforce Spending Clause statutes" and specifically identifies Title IX as one such statute. *Id.* at 1569-70. Thus, *Cummings* applies with full force here. Second, *Cummings*'s notice inquiry does not (contrary to Doe's contention) call for a case-by-case evaluation of whether the particular defendant had subjective notice, at the time it chose to accept federal funds, that it could be held liable for a particular category of damages. Rather, the inquiry rises and falls on whether the requested category of damages is a "*usual* contract remed[y] in private suits" that has been "traditionally available in suits for breach of contract"—if not, there is "correspondingly no ground . . . to conclude that federal funding recipients

- 7 -

have clear notice that they would face such a remedy in private actions." *Id.* at 1571, 1576 (cleaned up).

Applying this standard, the Court agrees with ABOR that emotional distress damages and reputational harm damages are both unavailable here. As for the former, *Cummings* holds that there is "no basis in contract law to maintain that emotional distress damages are traditionally available in suits for breach of contract." *Id.* at 1576. Doe's argument to the contrary (Doc. 238 at 4 n.5) is unavailing because it cites the dissent in *Cummings*, not the majority opinion. Many other courts have reached the same conclusion in decisions issued since *Cummings* was decided. *See, e.g.*, *Bonnewitz v. Baylor Univ.*, 2022 WL 2688399, *4 (W.D. Tex. 2022) ("Damages for emotional distress are not recoverable for violations of anti-discrimination statutes, including Title IX."); *Doe v. Purdue Univ.*, 2022 WL 3279234, *13 (N.D. Ind. 2022) ("The Supreme Court's decision [in *Cummings*] forecloses his claim for 'emotional and psychological damages' . . . ."); *Doe v. Bd. of Regents of Univ. of Neb.*, 2022 WL 3566990, *4 (D. Neb. 2022) ("Doe concedes that the holding in *Cummings* generally precludes emotional-distress damages in Title IX cases like hers."); *Doe v. City of Pawtucket*, 2022 WL 4551953, *2-3 (D.R.I. 2022) ("While the Supreme Court's holding in *Cummings* was limited to the ACA and RA, the opinion's underlying reasoning forces the same conclusion for Title IX. . . . The Supreme Court's opinion in *Cummings* therefore dictates that emotional distress damages are unavailable in private suits to enforce Title IX.").

As for reputational harm damages, Doe makes no effort to establish that such damages have traditionally been available in breach-of-contract actions and the Court agrees with the many cases cited in ABOR's briefs concluding otherwise. *See, e.g.*, *Montgomery v. D.C.*, 2022 WL 1618741, *25 (D.D.C. 2022) ("Montgomery cannot recover either emotional distress or reputation damages in light of *Cummings*."); *Stancil v. Mergenthaler Linotype Co.*, 589 F. Supp. 78, 85 (D. Haw. 1984) ("[T]his Court adopts the majority view that damages for injury to reputation are not properly awardable in a breach of contract suit."); *Daley v. Town of W. Brookfield*, 476 N.E.2d 980, 980 n.1 (Mass. Ct.

App. 1985) ("Damages for injury to reputation are usually not available in contract actions."). *See also Rice v. Community Health Ass'n*, 203 F.3d 283, 288 (4th Cir. 2000) ("Courts have universally rejected claims for damages to reputation in breach of contract actions . . . .").

To the extent the conclusion being reached here—that claims for emotional distress and reputational harm damages are not cognizable under Title IX—is contrary to earlier Ninth Circuit law on the subject,[4] this does not preclude the Court from ruling in ABOR's favor. Of course, "[d]istrict courts are bound by the law of their own circuit . . . no matter how egregiously in error they may feel their own circuit to be." *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) (citation omitted). But an exception exists when "the relevant court of last resort [has] undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Such is the case here.

Finally, there is no merit to Doe's argument that ABOR has waived or forfeited its ability to challenge the availability of emotional distress and reputational harm damages. This case is distinguishable from *Asfall v. Los Angeles Unified School District*, 2022 WL 2764747 (9th Cir. 2022), because the defendant in that Title IX action did not seek to raise a *Cummings*-based challenge to a claim for emotional distress damages until the case was on appeal (and did not raise the challenge in its opening appellate brief). *Id.* at *4. As a result, the Ninth Circuit concluded the challenge was barred by the principle that "we will not consider issues raised for the first time on appeal." *Id.* (citation omitted). This case has not yet reached the appellate stage, so the forfeiture principle applied in *Asfall* is inapplicable. Nor do Rule 37(b) or Rule 37(c) (which Doe does not cite) require a finding of forfeiture here. Even assuming that ABOR had an arguable basis for challenging the

---

[4] ABOR cites *Ferguson v. City of Phoenix*, 157 F.3d 668, 675 n.4 (9th Cir. 1998), as an example of a "[p]rior decision[] within the Ninth Circuit . . . [that] concluded that [emotional distress] damages were available under Title IX." (Doc. 223 at 2 n.1.) However, the Ninth Circuit stated in a recent unpublished decision that even before *Cummings*, "there was no binding Ninth Circuit precedent that foreclosed a challenge to noneconomic damages under Title IX during the trial or on appeal." *Asfall v. Los Angeles Unified Sch. Dist.*, 2022 WL 2764747, *4 (9th Cir. 2022).

- 9 -

availability of emotional distress and reputational harm damages before *Cummings* was decided (and thus should have raised this defense at an earlier stage of the case, such as in its MIDP disclosures), any disclosure violation was harmless. *SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 322 n.18 (D. Ariz. 2022) ("Although the text of Rule 37(b)(2), unlike the text of Rule 37(c)(1), does not specifically enumerate a 'substantially justified or harmless' escape hatch for liability . . . it makes sense to include those considerations in the Rule 37(b)(2) analysis."). This is not a situation where Doe, if given adequate notice of the potential defense, could have pursued a different discovery strategy in an effort to overcome the defense. *Cf. City of Pawtucket*, 2022 WL 4551953 at *5 ("[D]iscovery is irrelevant to whether emotional distress damages are available in private suits to enforce Title IX because Defendants make a purely legal argument [under *Cummings*] that they are precluded.").

Accordingly,

**IT IS ORDERED** that ABOR's motion for partial summary judgment regarding the scope of permissible damages (Doc. 223) is **granted**.[5]

Dated this 6th day of December, 2022.

_____
Dominic W. Lanza
United States District Judge

---

[5] Although ABOR's motion specifically challenges Doe's claims for emotional distress and reputational harm damages, ABOR clarifies in a footnote that its motion "extends to any non-contractual damages [Doe] might try to see at the trial on his Title IX claim." (Doc. 223 at 6 n.2.) In response, Doe does not identify any other categories of non-contractual damages he might be seeking and suggests that his claim is limited to those two categories: "*Cummings* does not preclude Doe's emotional distress or reputational harm damages." (Doc. 238 at 2.) Thus, there is no reason to qualify the ruling here—ABOR's motion is granted in full.